SLATER v. TAYLOR.

MALICIOUS PROSECUTION; EXTORTION; LIBEL; ASSAULT AND BATTERY.

1. In an action for malicious prosecution, where the facts are not
   in dispute, the question whether there was probable cause for the
   prosecution is one of law for the court.

2. An attempt by a collector to collect a debt due his principal, con-
   sisting of leaving cards, on all of which are printed the collector's
   name and business, and on some of which are written demands for
   payment, at the door of the debtor's apartment, and posting some
   of them on the door, and at other times calling at the apartment,
   with the result that he is denied admittance, and, on one occasion,
   forcibly ejected by the debtor, furnishes probable cause for the
   debtor to prosecute the collector criminally for a violation of sec.
   819, D. C. Code (31 Stat. at L. 1323, chap 854), making it an offense
   for one to verbally or in writing accuse, or threaten to accuse, an-
   other of any conduct which, if true, would tend to disgrace him,
   or subject him to ridicule, or to publish any of his infirmities or fail-
   ings, with intent to extort anything of value from him; and it is
   immaterial that the debtor acknowledges the debt.

3. Where one had probable cause for swearing out an affidavit upon which a criminal prosecution is based, the affidavit is a privileged communication, and an action of libel based upon it must accordingly fail.

4. Where a debtor, using no more force than was necessary, ejected from his house a collector who had theretofore repeatedly tried to gain entrance, and who was a trespasser, the trial court properly directs a verdict for the defendant in an action by the debtor against the collector for assault and battery.

No. 1811.   Submitted February 14, 1908.   Decided March 31, 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for malicious prosecution, libel, and assault and battery.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal brings up for review the action of the trial court, at the close of plaintiff's testimony, in directing a verdict for the defendant on each of the three counts of the declaration, charging, respectively, malicious prosecution, libel, and assault and battery.

Plaintiff's father intrusted to him for collection a claim against defendant, Stevens M. Taylor, for $450, which plaintiff contended represented two loans from his father to defendant.   Plaintiff Frank B. Slater, was to receive one half of whatever he could collect.   He called at the home of the defendant, who lived in an apartment house containing a public hall into which the outer door of defendant's apartment opened, and the defendant promised payment in a month. Plaintiff waited about two weeks and called again, but was not admitted.   He called frequently thereafter, was not admitted, and each time "stuck some cards around the face of the door and entrance."   On one occasion defendant's little girl admitted him, but, as soon as defendant saw him, defendant took him by the coat collar and ejected him.   He finally took

with him his wife, and, upon ringing the door bell, they were admitted by a child. The defendant "grabbed him and put him out  * * *   and slammed the door." Plaintiff left in all thirty cards at defendant's door, and upon each card was printed or stamped the following:

Collection Dep't.
F. B. Slater,
Collector.
Room 43, 622 F N. W.
Call at once.

Upon twenty-eight of the thirty cards the name of the defendant was written in pencil. Upon one of said twenty-eight cards there was written in pencil: "This must be paid;" upon two of said twenty-eight cards: "Must have money;" and upon one of said twenty-eight cards after the words, "Call at once," the words, "and pay."

Shortly after plaintiff and his wife were ejected from defendant's apartment, defendant as complainant, filed an affidavit in the police court charging plaintiff with having accused defendant of a crime and conduct tending to disgrace defendant, with intent to extort money or property from defendant. A warrant was issued out of said court, and the defendant [the plaintiff here] arrested thereon, and gave bail for appearance to answer said charge. On the day finally fixed for the trial, the district attorney endeavored to obtain a promise from plaintiff that he would desist from putting up cards; but it does not appear that such a promise was made. The district attorney, however, did enter a *nolle prosequi,* and thereby terminated the prosecution.

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Anson S. Taylor* and *Mr. John E. Taylor* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Under the facts stated, did the court err in holding that the defendant had probable cause for swearing out the affidavit?

Section 819 of the Code provides that "whoever verbally, or in writing, accuses or threatens to accuse any other person of a crime, or of any conduct which, if true, would tend to disgrace such other person, or in any other way subject him to the ridicule or contempt of society, or threatens to expose or publish any of his infirmities or failings, with intent to extort from such other person anything of value or any pecuniary advantage whatever, or to compel the person accused or threatened to do or to refrain from doing any act; and, whoever with such intent, publishes any such accusation against any other person,—shall be imprisoned for not more than five years, or be fined not more than $1,000, or both."

What was the object and purpose of the plaintiff in posting conspicuously on defendant's door, which, as previously pointed out, opened into a public hall, these thirty cards? Obviously to coerce payment of the money which he claimed to be due. Manifestly the plaintiff, by frequently and persistently accusing the defendant with not paying plaintiff's claim, and by attracting the notice of defendant's neighbors and friends thereto, hoped to compel payment, or, to use the language of the statute, "extort" payment. "Extort," as used in the statute, means moral compulsion,—the result of exposing, or threatening to expose, the person addressed to the ridicule or contempt of society. A man who, without cause, fails .to pay his debts, merits and receives the contempt of society. But the law has provided legitimate means for the collection of debts found to be due, and it is in the interest of justice and the public peace that such acts as the record discloses the plaintiff was guilty of be suppressed. That the defendant had acknowledged the claim can make no difference, since the statute is designed to prevent any pecuniary advantage being gained by the inhibited means. Under any other interpretation, the issue in each case would be whether the claim against the per-

son addressed was a legal claim. The result would be to transform a criminal trial into a quasi civil proceeding.

There is analogy between this statute and the act of Congress of September 26, 1888 (25 Stat. at L. 496, chap. 1039). By that act, all matter otherwise mailable, upon the envelope or outside cover or wrapper of which any delineations, epithets, terms, or language calculated by the terms, or manner, or style of display, and obviously intended to reflect injuriously upon the character or conduct of another, may be written, or printed, or otherwise impressed or apparent, is declared to be nonmailable under a penalty of not more than $5,000 fine, or imprisonment not more than five years, or both. It has been held that mailing an envelope, upon which were the words "Excelsior Collection Agency," printed in very large, full-faced capital letters covering more than half the envelope, constituted an offense within the act. *United States* v. *Brown,* 43 Fed. 135. The court said: "The sending of letters with those words on the outside, to a person, would lead to the inference that the character, or conduct, or both, of the person sent to, in respect to the fulfilment of pecuniary obligations, was such as to make the sending necessary or justifiable, unless they should be so restricted by construction with other words as to show that they were used for directions to return, if not called for, or other legitimate purpose not referring to the person addressed. * * * The object probably was to make the person pay up to avoid repetition of the reflection." In *United States* v. *Simmons,* 61 Fed. 640, it was held that the words "I see * * * you do not intend to pay any attention to * * * your agreements," on a postal card, were "obviously intended to reflect upon the character and conduct of the person addressed," and hence within the statute. See also *United States* v. *Dodge,* 70 Fed. 235.

There was no controversy as to the facts in the present case; hence it became the duty of the court to determine, as matter of law, the question of probable cause, and a finding of probable cause, if sustained, defeats plaintiff's action, since want of probable cause and malice, express or implied, must

concur to warrant a recovery. *Spitzer* v. *Friedlander,* 14 App. D. C. 556; *Crescent City L. S. L. & S. H. Co.* v. *Butchers' Union S. H. & L. S. L. Co.* 120 U. S. 149, 30 L. ed. 617, 7 Sup. Ct. Rep. 472.

We think the trial court fully justified in ruling that the plaintiff had accused defendant with conduct which, if true, would tend to subject him to the contempt of society with intent to extort money from the defendant, and that, therefore, the defendant had probable cause for swearing out the affidavit which forms the basis of this action.

Having ruled that the defendant had probable cause for swearing out said affidavit, it follows that the affidavit was a privileged communication, and that, therefore, the count charging libel must fall.

According to plaintiff's own testimony he fully understood that he was not wanted in defendant's apartment. He had repeatedly tried to gain entrance, and upon the occasion in question he was without doubt a trespasser. Owing to his previous conduct, he must have known that the defendant would eject him. It appearing from plaintiff's own statement that the defendant used no more force than was necessary in ejecting him, the court properly directed a verdict on the count charging assault and battery.

The judgment is affirmed, with costs.  *Affirmed.*