## WOLTER v. SAFEWAY STORES, Inc.

### No. 9089.

United States Court of Appeals
District of Columbia.

Argued Nov. 15, 1945.

Decided Jan. 28, 1946.

Mr. Russell Hardy, of Washington, D. C., with whom Mr. F. Regis Noel, of Washington, D. C., was on the brief, for appellant.

Mr. Henry I. Quinn, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Frederic F. Wolter, sued the appellee, Safeway Stores, Inc., for damages for malicious prosecution. The District Court granted the defendant's motion for a directed verdict at the conclusion of the plaintiff's evidence. Wolter appeals.

Briefly summarized, the facts are these: Wolter went to a Safeway store to make a purchase and found the door locked, as it was shortly after closing time. A woman employee, Mrs. Schaeffer, opened the door to let out some customers who were in the store prior to its closing, at which time Wolter attempted to force his way in. The employee told him the store was closed, and locked the door to prevent his entrance. Wolter became angry, shook his fist at the employee, and said to her, "I will get you for this."

Three days later, as Mrs. Schaeffer was sitting on the porch of her home, a man approached through the shrubbery, threw a chemical in her face and, as he did so, said, "I told you I would get you," in a voice she thought similar to that of Wolter when he threatened her at the store. Upon the affidavit of Mrs. Schaeffer, a warrant was issued the next morning for the arrest of the appellant. Her name and those of the manager of the store and another employee were entered as witnesses. A day later, upon the oath of Mrs. Schaeffer, the District Attorney filed an information charging Wolter with the assault. He was released on bond, and after a few weeks the prosecuting attorney entered a nolle prosequi because Mrs. Schaeffer could not identify Wolter as the man who threw the acid into her face. The District Attorney advised that, on her oath, he would file an information against Wolter for threats. Soon thereafter such an information was filed, the appellant was released on his own recognizance, and at the subsequent trial he was acquitted by a jury. This suit against Safeway Stores, Inc., for malicious prosecution followed.

There is practically no contrariety in the evidence as to the facts. The record does not contain any proof to the effect that any agent or servant of the appellee, acting within the scope of his authority or in the course of his employment, instituted or caused to be instituted, or was in any way instrumental in instituting, the prosecutions against the appellant. It follows, therefore, that the appellant failed to prove any prosecution by the corporate appellee.

Furthermore, the trial judge held that the only reasonable inference that can be drawn from the evidence is that there was probable cause for the prosecutions. As the facts are clearly established without conflict in the evidence, it was the province of the court to determine whether probable cause existed. For the rule is that if the existence of probable cause must be determined from conflicting evidence, the question is for the jury; but if the facts from which the presence or absence of probable cause is to be ascertained are undisputed or clearly established, the question is one of law for the court.[1]

As it seems to us that the judge of the District Court ruled correctly, both as to the failure of the appellant to show any participation in the prosecutions by the appellee, and as to the existence of probable cause, we affirm the judgment.

Affirmed.

[1] Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116; Crescent Live Stock v. Butchers' Union, 120 U.S. 141, 149, 7 S.Ct. 472, 30 L.Ed. 614.