**HARPER v. STRANGE et al.**

**No. 9266.**

United States Court of Appeals
District of Columbia.

Argued Nov. 20, 1946.

Decided Dec. 16, 1946.

Messrs. Leon A. Ransom and Austin L. Fickling, both of Washington, D. C., for appellant.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, and Milton D. Korman, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a judgment of the District Court based on a directed verdict in favor of appellees, defendants below. The complaint was for false arrest.

Appellant, an infant of the age of 14 years at the time, was taken into custody by the appellees, all members of the Metropolitan Police Department, at his home on the night of March 14, 1944. The circumstances surrounding the arrest were as follows. On the evening of the 14th a woman was assaulted and raped in the hallway of a duplex apartment building in the 1700 block of E Street Northeast. The appellees were among the policemen who proceeded to the locality to investigate the complaint. The victim described the assailant to appellees as a very dark colored boy approximately 17 or 18 years old, near six feet tall, not very heavy in weight, and wearing a sweater but no tie. She further stated that she was sure she had made fingernail impressions either around the side of his neck or down on his collarbone.

With this information in hand, appellees commenced a canvass of the neighborhood to determine if anyone fitting this description had been acting in a suspicious manner. This canvass resulted in information from several sources that a Post newspaper boy had been loitering in the hallways of the buildings in the 1700 block attempting to collect for the paper at places that had previously paid and at places where the paper was not delivered. The description of the newsboy given by these sources tallied with the description of the assailant.

At this point, one of the appellees called the Post circulating manager in charge of the area covering the 1700 block of E Street Northeast to determine who delivered the Post in that block. The appellant's name was given and in response to a query by the police officer, the circulating manager stated that the description, i.e., about six feet tall, 17 or 18 years old, very

dark colored and slim built, just about fitted this delivery boy.

Appellees then proceeded to the home of appellant where they took him into custody and transported him to police headquarters, arriving there at about 10:30 o'clock p. m. At the time appellant was taken into custody he was wearing a sport shirt and pullover sweater, and looked, according to the testimony of the police officer in charge of the arresting party, 17 or 18 years old. Appellant's parents were absent from their home at this time and were not at a place where they could be immediately reached by telephone. Appellant was held at police headquarters until shortly after midnight at which time the complainant became available to view him. She stated that although the appellant looked like the assailant, she was not satisfied that he was, and asked to have the appellant's shirt collar opened. No marks were found on the neck and shortly thereafter appellant was taken to his home.

The principal issues raised by this appeal are whether the Trial Court erred in not submitting the question of probable cause to the jury and whether the facts justified the Court's directing a verdict for the appellees on the ground that there was nothing to support the accusation that the police officers acted without probable cause and without probable reason. The facts forming the basis of the police officers' action in taking the appellant into custody are uncontroverted and undisputed. The appellees all testified as to what information they based their action on. There was no conflict on this part of the evidence. This brings the case squarely within our holding in Wolter v. Safeway Stores, Inc.[1] decided January 26th of this year wherein we said: "As the facts are clearly established without conflict in the evidence, it was the province of the court to determine whether probable cause existed. For the rule is that if the existence of probable cause must be determined from conflicting evidence, the question is for the jury; but if the facts from which the presence or absence of probable cause is to be ascertained are undisputed or clearly established, the question is one of law for the court." The Trial Court accordingly acted properly in withholding the question of probable cause from the jury. And we are further of the opinion that on the facts disclosed the Court correctly found that sufficient probable cause existed and that the appellees exercised sound judgment in the case. The Court therefore did not err in directing a verdict for appellees.

Appellant further contends that the 2½ or 3 hours' detention following the arrest was contrary to District of Columbia law governing the arrest and detention of juveniles,[2] in that the procedure therein outlined was not followed by the arresting officers. On the other hand, appellees contend that this section should be read in context with the preceding sections and prescribes the course to be followed in taking a child into custody under the terms of those sections. We do not find anything in the law relied on by appellant that prevents law enforcing officers from taking into custody a juvenile whom they have reasonable grounds to believe has committed a felony. Furthermore, Major Harvey G. Callahan, Superintendent, Metropolitan Police Department, testified before the Court that the established policy of the Police Department was to avoid creating a record in regard to juveniles who have not previously had any contact with the law, that in dealing with juveniles in custody an investigation was made to determine the possibility of avoiding the making of a record and thus releasing the child. This admirable policy was followed in the instant case, two of the appellees testifying that appellant was not taken to the Receiving Home, as appellant contends he should have been, because there he would have been booked as arrested on suspicion of rape and detained there overnight until his parents could have secured his release the following morning. We do not consider this detention by the police officers unlawful.

Affirmed.

---

[1] 80 U.S.App.D.C. 357, 153 F.2d 641, 642, cert. den. October 14, 1946, 67 S. Ct. 64.

[2] Title 11, Sect. 912, District of Columbia Code (1940).