39148. WILLIAMS BROTHERS GROCERY COMPANY, INC. v. BLANTON.

DECIDED FEBRUARY 15, 1962.

*Seymour S. Owens,* for plaintiff in error.

*Frank T. Holt, Alexander, Vann & Lilly,* contra.

CARLISLE, Presiding Judge. ■ Ground 4 of the motion assigns error because the court permitted counsel for the plaintiff to elicit from the plaintiff's husband, on direct examination, testimony that the plaintiff "was extremely sore all over her body

and she had difficulty in lying down, *she couldn't get up by herself because of this soreness*" over the objection that the italicized portion of such testimony was "a conclusion of the witness and inadmissible." The record in this case shows that counsel for the defendant asked this witness on cross examination whether the plaintiff could get in and out of bed, and the witness replied that she didn't get in and out of bed except with some help. Assuming that the admission of the evidence over the objection made constituted reversible error, such error was rendered immaterial where counsel for the opposing party later elicited from the same witness substantially the same evidence. *Southeastern Greyhound Lines, Inc. v. Hancock,* 71 Ga. App. 471, 472 (2) (31 SE2d 59); *Lee v. Holman,* 184 Ga. 694, 697 (5) (193 SE 68).

■ Grounds 5, 6, 8, and 9, all concern the admission of testimony of medical witnesses over the objections that such testimony allowed evidence of a hearsay nature, allowed a diagnosis based upon subjective complaints, allowed evidence based upon subjective complaints, or was repetitious of former testimony. The witnesses involved are either Dr. Murphy or Dr. Watt, both of whom were called by the plaintiff, and each of whom appears at one time or another to have examined and prescribed treatment for the plaintiff, and who cannot therefore be considered merely as an expert witness whose examination was limited to obtaining information to be used solely for the purpose of testifying as an expert in the case.

(a) Briefly, ground 5 complains that the witness, being asked, "What treatment did you prescribe?" replied that since the plaintiff was complaining of some pain out into her arms he felt that she should see a neurosurgeon. In ground 8 another witness, in answer to the same question, replied that he gave her Empirin #3, which contains codeine and tranquilizers, she being uncomfortable for several months and the doctors never being able to get her completely comfortable. In both instances it appears that the witness, if he was in fact guilty of repeating hearsay or purely subjective symptoms, was not making a diagnosis but was explaining his conduct, in the one instance the failure to give treatment, and in the other the prescription of sedatives. The admissibility of

evidence to explain conduct is a well recognized exception to the hearsay rule. *Foster v. State*, 72 Ga. App. 237 (2a) (33 SE2d 598). It might be added that there was ample testimony by the plaintiff herself in regard to her pain and headaches, in which connection see *McDaniel v. Richards*, 64 Ga. App. 612, 619 (13 SE2d 710); *Gossett v. State*, 203 Ga. 692 (7) (48 SE2d 71). These statements contained no opinion by the physician as to the cause, extent, duration, or permanency of the plaintiff's injuries and are not objectionable as a diagnosis based purely upon subjective symptoms.

(b) With respect to ground 6, the answer made by the witness which included a statement that "when she would move her neck forward and flex it all the way back, she would complain of some pain" would seem to stand on the same footing, but in subsequent testimony on cross examination, this witness testified with respect to that occasion that what he actually meant to say was that when *he* turned the plaintiff's head to the left she would complain of pain, and it becomes apparent that the witness was testifying to those "physical manifestations of present pain and suffering" on examination which are always admissible. *Atlanta, K. & N. Ry. Co. v. Gardner*, 122 Ga. 82 (11) (49 SE 818).

(c) In special ground 9, there was an objection to a question asking the doctor to state again his findings on the last examination, on the ground that it was repetitious, and to the answer on the ground that it was based partly on subjective complaints. The medical testimony here being of a piecemeal nature, there was no abuse of the court's discretion in allowing the witness to summarize his findings. Nor is it error to allow a medical witness who has treated the patient to testify as to his opinion of the patient's condition, although it be based in part upon the patient's subjective complaints. *Seaboard Air-Line Ry. v. Maddox*, 131 Ga. 799 (63 SE 344); Fred Howland, Inc. v. Morris, 143 Fla. 189 (196 S 472); Kansas City Southern Ry. Co. v. Clinton, 224 F 896, 900; Denver & R.G.R. Co. v. Roller, 100 F 738, 752; People v. Wilson, 25 Cal. 2d 341 (153 P2d 720); Eckels v. Muttschall, 230 Ill. 462 (82 NE 872); Quirk v. Schramm, 333 Ill. App. 293 (77 NE2d 417); Stayton v. Contreras, (Tex. Civ. App.) 150 SW2d 342, 347; Northwest States Utilities

Co. v. Brouilette, 51 Wyo. 132 (65 P2d 223); 51 ALR2d 1051. This is in accord with the general rule that where, when a qualified expert gives his opinion, the opinion is not subject to be ruled out in its entirety simply because it is also shown, by cross examination or otherwise, that it is founded on an insufficient factual basis. In such case the jury may consider all the evidence and then give the opinion of the expert such weight and credence as it desires. *State Highway Dept. v. Wells*, 102 Ga. App. 152 (115 SE2d 585); *Southern Ry. Co. v. Richardson*, 48 Ga. App. 25, 30 (172 SE 79); *Sutton v. State Highway Dept.*, 103 Ga. App. 29 (4) (118 SE2d 285). These special grounds are without merit.

■ As to special ground 7, Dr. Murphy on direct examination and while explaining certain x-ray pictures which were at the time being demonstrated to the jury, testified as follows: "The only abnormality I find on this x-ray examination is observed in the lateral projection, that is x-ray made from the side, where it shows that the normal curve of the neck on the lateral x-ray has been reversed in that it now curves in the opposite direction to the normal cervical spine lateral x-ray. If signifies to me that something surrounding the bones of the neck is preventing this curve from assuming its normal position. If I might demonstrate, this curve normally should curve in this direction. It normally should curve backward but this curve is forward on the lateral projection. I think it has relation to the muscle spasm. I would like to qualify that in that it has now been nine months since this woman had her injury and I am not so sure that this is a muscle spasm as such now. I would think that the reason this curve is held in this direction at that time is because of the scarring of the muscles surrounding it or fibrosis, if you want to call it that."

On cross examination the witness testified that his diagnosis was based partially on x-ray and partly on complaints the patient made, and that the only diagnosis not based partially on his objective findings and her subjective complaints was the diagnosis made based on this x-ray. A motion was then made to strike the last three sentences of the above quoted testimony on the ground that it "was based partially on the x-ray and partially on subjective complaints of Mrs. Blanton."

It is obvious from a cursory reading of the matter objected to in its context that the physician was referring to the x-ray at the time. Not only did he distinguish this from the so-called subjective complaints, but another medical witness testified positively that the x-ray evidence of the loss of the normal curve of the spine was an objective finding and "something that we can put our finger on." Accordingly, the motion to strike, which comes under the general rule stated in the preceding division of this opinion, is without merit for this further reason.

■ In ground 9 of the motion, there are four separate assignments of error on the overruling of objections to questions and answers on portions of the testimony of Dr. Charles Watt, Jr. The second of these we have dealt with in a portion of the preceding division. The first of these assignments is to a question propounded to the doctor asking him to state his findings. This question was objected to merely on the ground of its being repetitious and because it was asked solely for the purpose of emphasizing the doctor's diagnosis. The third and fourth assignments of error reveal the following line of questioning, the answers thereto, and the objections made. "Q. Will you go ahead and tell us what else you based your findings on? A. I didn't know whether you wanted me to tell the history or not. Q. Yes, sir, would you tell us the history also. Seymour S. Owens objects to question as calling for hearsay testimony, which is inadmissible. Objection overruled. A. With a history of taking five to six doses of aspirin per day which equalled ten grains, in other words, as much as fifty to sixty grains of aspirin per day with occasional Empirin #3 compound containing codeine, which is a narcotic. Seymour S. Owens objects to answer on the ground that it is based entirely on hearsay. Objection overruled." It is not apparent how the defendant was harmed by the overruling of these assignments. These portions of the ninth ground of the motion, therefore, show no reversible error.

■ In grounds 10 and 11, portions of the charge are complained of because it is contended that they permitted recovery against the defendant upon a showing that the defendant was negligent in *any* respect whether charged in the petition or not

and whether such negligence was the proximate cause of the plaintiff's injuries and permitted a recovery for any injury or damage sustained by the plaintiff, as shown by the evidence, whether claimed in the petition or not. Elsewhere in the charge, the judge instructed the jury clearly and distinctly that before the plaintiff could recover from the defendant the jury would have to find that the defendant was negligent in one or more of the specific acts of negligence alleged in the petition and that such negligence of the defendant was the direct and proximate cause of the injuries alleged to have been received by Mrs. Blanton in the collision. "In considering whether a charge excepted to is error, . . . it is proper that it be considered in its context and in connection with the entire charge. 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).' *Buttersworth v. State,* 200 Ga. 13, 24 (2) (36 SE2d 301). . . It was not necessary or proper for the trial judge in instructing the jury to repeat in immediate connection with each proposition of law charged all the qualifications and exceptions applicable to it. To require him to do so would so lengthen and complicate the charge as to render it impossible to ever charge the jury fully and completely." *Millwood v. State,* 102 Ga. App. 180, 186 (115 SE2d 829). It was not essential that the judge instruct the jury in immediate connection with the portions of the charge on which error is assigned in grounds 10 and 11 all of the qualifications and exceptions to which those instructions were subject. The jury is presumed to be made up of upright, intelligent men. Indeed they are chosen for jury service with those qualifications in mind. The jury could not well have understood other than that in considering the case and in reaching a verdict that they should keep in mind at all times all applicable portions of the charge. There was no conflict between the portions of the charge excepted to and the other parts thereof, and it was not harmful or erroneous for the judge to charge as complained of in these grounds.

■ Ground 12 assigns error because it is contended a portion of the charge authorized the jury to award damages for future

disability when there was no evidence of such. Assuming for the sake of argument that the only medical testimony was not in and of itself sufficient to authorize a finding that the plaintiff would suffer future disability, it is clear that the evidence otherwise showed that the plaintiff sustained severe and painful injuries and the jury could well infer from the evidence as to the nature of the injuries and the nature and extent of the plaintiff's complaints as testified to by her that she would continue to suffer pain and discomfort the rest of her life and thus to some extent be permanently disabled. We cannot say, therefore, that the evidence did not authorize this charge.

■ That a document not introduced in evidence was by error carried into the jury room does not demand the grant of a new trial where all the jurors, by affidavit, stated they did not examine or consider the report in the jury room. *City of East Point v. Christian,* 41 Ga. App. 536 (2) (153 SE 784); *Killen v. Sistrunk,* 7 Ga. 283 (3). Special ground 13 is without merit.

■ The plaintiff introduced substantial evidence in support of all material allegations of the petition. Since the general grounds of the motion for a new trial are not argued in this court they are treated as abandoned.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*