Garnet L. KING, Appellant,

v.

Laura H. HILDEBRANDT, Appellee.

No. 236, Docket 28475.

United States Court of Appeals Second Circuit.

Argued March 16, 1964.

Decided May 1, 1964.

John I. Heise, Jr., Washington, D. C. (I. William Stempil, Washington, D. C., on the brief, Abraham Kaufman, New York City, of counsel), for appellant.

Arthur S. Olick, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, on the brief; John F. X. Peloso, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

The plaintiff-appellant, a resident of the District of Columbia, sought to recover damages in an action for libel against the defendant-appellee, a resident of New York. Jurisdiction was based on diversity of citizenship. The alleged libel was an affidavit made by defendant in the District of Columbia on or about March 25, 1960, on a police department form and used by the police for the arrest of the plaintiff as a person of unsound mind preliminary to a lunacy proceeding. An order of the District Court granted summary judgment dismissing plaintiff's complaint and denied her motion for an order compelling the United States Attorney to withdraw as counsel for appellee. An examination of the record convinces us that the summary judgment was properly granted.

The material facts are not disputed. They are contained in defendant's "Statement of Facts Concerning Which There Is No Issue" which was submitted to the district court pursuant to its rules and stands uncontroverted by the plaintiff. The plaintiff, a registered nurse, was employed by the United States Public Health Service. About February 2, 1960, she received a notice of proposed separation. She requested a hearing and, in accordance with Civil Service regulations, selected the defendant as her representative on the hearing committee of three. She was examined by a consultant psychiatrist to the United States Public Health Service prior to the hearing. The hearing committee after investigating the available facts recommended that plaintiff be separated from her position because it appeared to them that her condition made her unsuitable for retention as a nurse with the Public Health Service.

Defendant contacted plaintiff's sister in Parkersburg, West Virginia, who came to Washington. The sister and the defendant subsequently signed affidavits, on printed forms furnished by the Police Department of the District of Columbia, that each of them believed that plaintiff was incapable of managing her own affairs, that she was a fit subject for treatment in a mental hospital, and that it would be dangerous to permit her to remain at large. On the same day two physicians each signed a certificate attesting to their opinion that plaintiff was suffering from paranoid schizophrenia. These documents are required by statute as a prerequisite to the arrest of a person alleged to be of unsound mind. D.C.Code § 21-327 (1961).

Plaintiff was arrested on March 26, 1960 and two days thereafter a police officer filed in the United States District Court for the District of Columbia a petition seeking a writ to inquire into plaintiff's sanity. Pursuant to D.C.Code § 21-321, an order issued that plaintiff be detained in a hospital for thirty days and that the matter be referred to the local Commission on Mental Health for investigation and a report. On April 8, 1960 the Commission reported that it found the plaintiff to be of unsound mind suffering from schizophrenic reaction, paranoid type, and recommended commitment for treatment. The case was set down for hearing but before one was held the Commission on April 25, 1960

reported to the court that a further examination of plaintiff revealed that she had recovered sufficiently to be discharged. Thereupon, the court dismissed the petition and plaintiff was discharged.

■■ This being a diversity case, we we must apply the conflict of laws rule of the State of New York, Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The act complained of occurred in the District of Columbia, both parties were residents of the District of Columbia at that time and the allegedly libelous statement was a part of a lunacy proceeding in the same place. Under these circumstances, it is clear that New York courts would look to the law of the District of Columbia, whether on the old concept of *lex loci delicti*, see Mattox v. News Syndicate Co., 176 F.2d 897, 12 A.L.R.2d 988 (2 Cir.), cert. den., 338 U.S. 858, 70 S.Ct. 100, 94 L.Ed. 525 (1949), or on the "grouping of contacts" theory.[1]

■ The District of Columbia follows the well-established rule that statements in pleadings and affidavits made in the course of judicial proceedings are absolutely privileged so long as they are relevant to the issues involved in the proceeding. Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17 (1941); Young v. Young, 57 App.D.C. 157, 18 F.2d 807 (1941). The appellee's statements in the affidavit were undoubtedly relevant to the lunacy hearing. Such affidavits are required to start a lunacy proceeding in the District of Columbia. Jillson v. Caprio, 86 U.S.App.D.C. 168, 181 F.2d 523 (1950).

■ Again looking to the law of the District of Columbia, the absolute privilege attaches to statements in affidavits filed in judicial proceedings only if it appears that the affiant had probable cause to make the affidavit. Cf. Slater v. Taylor, 31 App.D.C. 100, 18 L.R.A.,N.S., 77 (1908). In the District of Columbia, it is a criminal offense to sign an affidavit in a lunacy proceeding "without probable cause for believing such person to be insane or of unsound mind." D.C.Code § 21–324. The question of whether undisputed facts constitute probable cause is one of law to be decided by the court. Harper v. Strange, 81 U.S.App.D.C. 349, 158 F.2d 408 (1946); Wolter v. Safeway Stores, Inc., 80 U.S.App.D.C. 357, 153 F.2d 641 (1946).

■ We hold that Judge McLean properly held that probable cause was shown. In this case the undisputed facts show that the appellee had been employed by the United States as a psychologist, was well educated and had much experience in this area. She had several interviews with appellant and considered expert medical opinion before making the affidavit in question. She had ample cause to believe appellant was then of unsound mind and in urgent need of medical care. This is substantiated by the opinions of the doctors who examined appellant after the affidavits were filed. We are convinced that, had this question been presented to the courts of the District of Columbia, probable cause as a matter of law would have been found.[2]

Appellant's motion to compel the United States Attorney to withdraw from the case is without merit and was properly denied.

The judgment is, therefore, affirmed.

1. Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279. Cf. Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99, 50 A.L.R.2d 246 (1954).

2. It appears in the record before us that indeed a similar action was brought by this appellant in the District of Columbia against this appellee and two others. Service was not had upon this appellee. However, Judge Tamm granted summary judgment for the other served defendants.