Georgina PRIETO, Appellant,

v.

The MAY DEPARTMENT STORES COM-
PANY, and Ballard G. Hens-
ley, Appellees.

No. 3768.

District of Columbia Court of Appeals.

Argued Nov. 22, 1965.

Decided Feb. 1, 1966.

M. Michael Cramer, Washington, D. C.,
with whom H. Thomas Sisk, Jr., Washing-
ton, D. C., was on the brief, for appellant.

John Jude O'Donnell, Washington, D. C.,
with whom J. Roy Thompson, Jr., and
Thomas H. McGrail, Washington, D. C.,
were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

HOOD, Chief Judge:

Plaintiff, now appellant, brought this ac-
tion against a department store and its store
detective for false arrest, false imprison-
ment and malicious prosecution. On con-
sideration of the depositions of plaintiff,
the detective, and another store employee,
the trial court granted summary judgment
against plaintiff. She has appealed.

In the light most favorable to plaintiff, the following facts appear uncontradicted. Plaintiff, a native of Cuba with a limited command of English, entered the store's basement department shortly before the closing hour to purchase a pair of pajamas. She examined a pair displayed on a counter and when asked by a saleslady if she could be of assistance, plaintiff replied that she would like to try on the pajamas. The conversation was interrupted by the ringing of a bell signaling the closing of the store, and in response to the saleslady's statement that the store was closing, plaintiff said: "Don't worry about me because I don't buy nothing." The saleslady closed the cash register and departed. Plaintiff was then observed by the detective, who had overheard the conversation, to place the pajamas over a sweater and purse carried on her left arm and to proceed to the escalator and up to the main floor. Plaintiff then walked towards a door opening onto the street. The detective had followed her and he stopped her before she left the store. When he told her she had not paid for the pajamas, she replied that she had forgotten the pajamas were on her arm and that she did not want them. According to the detective, plaintiff also stated that if she had wanted to steal the pajamas she would have put them in her pocketbook.

The detective took plaintiff to an office in the store where she was questioned. The police were called and they took plaintiff to the Woman's Bureau where she was detained until released on bail. On the following day a charge against her of petty larceny was nol-prossed.

The only material differences between the plaintiff's version of the occurrence and that of the detective were these. The detective said plaintiff removed the price tag from the pajamas before taking them from the basement. She denied this. The detective stated that when he stopped plaintiff she had gone through one set of doors into the vestibule which opened onto the street. She said she was stopped before she reached the vestibule.

■ The question presented is whether the trial court correctly ruled as a matter of law that probable cause was established. One of the essential elements of an action for malicious prosecution is lack of probable cause.[1] Although want of probable cause need not be alleged in an action for false imprisonment,[2] a showing of probable cause constitutes a valid defense[3] and will warrant a directed verdict for the defendant.[4] There is no material distinction between reasonable grounds for detention in false imprisonment and probable cause in malicious prosecution.[5] Where the facts are not in dispute the question of probable cause is one of law to be decided by the court.[6]

■ The undisputed facts here are that the detective observed plaintiff place on her arm a pair of pajamas for which she had not paid, leave the counter and go from the basement to the main floor by way of the escalator, and then proceed toward the street door. We must hold that these facts were sufficient to cause a reasonably prudent police officer or store detective to reasonably believe that plaintiff was in the act of

1. Wolter v. Safeway Stores, 80 U.S.App. D.C. 357, 153 F.2d 641 (1946).

2. Aley v. Great Atlantic & Pacific Tea Co., 211 F.Supp. 500, 502 (W.D.Mo. 1962); Carroll v. Parry, 48 App.D.C. 453, 457 (1919); Teel v. May Department Stores Co., 348 Mo. 696, 155 S.W. 2d 74, 137 A.L.R. 495 (1941); Annot., 86 A.L.R.2d 435 (1959).

3. Ibid.

4. Arcade Co. v. Boxwell, 41 App.D.C. 213 (1913); United Cigar Stores v. Young, 36 App.D.C. 390 (1911).

5. Montgomery Ward & Co. v. Freeman, 199 F.2d 720 (4th Cir. 1952).

6. Harper v. Strange, 81 U.S.App.D.C. 349, 158 F.2d 408 (1946); accord, Wolter v. Safeway Stores, 80 U.S.App.D.C. 357, 153 F.2d 641 (1946).

committing a theft. Of course plaintiff may have been entirely innocent. Perhaps she had forgotten or overlooked the fact that the pajamas were on her arm. Had she left the store with the pajamas, perhaps she would have returned them when she discovered she had them. But the action of the detective must be viewed from what he observed and not from what may have been in the mind of the plaintiff. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed."[7] This was such a case and the trial court properly directed a verdict for the defendants.

Affirmed.

7. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).