Cheryl Donaldson NICHOLS, Appellant,

v.

WOODWARD & LOTHROP, INC., Appellee.

No. 7045.

District of Columbia Court of Appeals.

Argued Sept. 27, 1973.

Decided July 19, 1974.

Rehearing and Rehearing en Banc Denied Aug. 12, 1974.

Thomas M. O'Malley, Washington, D. C., with whom Michael F. X. Dolan, Washington, D. C., was on the brief, for appellant. William W. Hays, Washington, D. C., also entered an appearance for appellant.

Francis X. Quinn, Washington, D. C., for appellee.

Before KELLY and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

HARRIS, Associate Judge:

An action for false arrest and malicious prosecution was brought by appellant based upon an incident which occurred in the Woodward & Lothrop department store at 10th and F Streets, N.W. The case was tried before a jury, which returned a verdict for defendant-appellee on both counts. Appellant's motion for a new trial on the count of malicious prosecution was denied. Mrs. Nichols now argues principally (1) that there was no evidence to support the verdict in favor of appellee on the issue of malicious prosecution, and (2) that it was error for the court to admit evidence that she, while a juvenile, had been apprehended for shoplifting some six years earlier. We affirm.

Appellant was arrested by private security officers while shopping with her sister. Officer Benjamin Armstrong saw appellant pick up a sweater from a display rack in the men's department on the second floor, and take it to the basement without paying for it. He followed her, and observed her try on raincoats, one of which she purchased. She then handed the sweater to another female shopper, who gave it back to her. The security officer testified that appellant then started towards the escalator, with the sweater placed over her arm, under her coat. By that time, Officer Armstrong had been joined in his surveillance by another security officer. Armstrong testified that appellant then "looked back to her left side and saw [the other officer]. She pulled the sweater from under her coat and threw it on the floor under a bra counter. At this time she was headed for the down escalator. So she then turned and came back to go to the up escalator. At this time I cut out and followed her up to the first floor where I stopped her." At a later trial, a jury found appellant not guilty of petit larceny.

While we are obliged to consider the facts in the light most favorable to appellee, fairness calls for us to recite briefly appellant's version of what happened. She testified that she took the sweater to the basement to show her sister, with the thought that they might purchase it as a birthday present for their father. When her sister rejected the idea, appellant tried to leave the sweater with a saleswoman in the basement. That testimony was confirmed by the saleswoman, who testified that she told appellant to take the sweater back to the second floor. Appellant, however, was anxious to get back to work (she was on her lunch hour), and she said that she left the sweater on a counter in the basement simply to avoid returning to the second floor.

The jury's verdict for Woodward & Lothrop was in effect a finding that there was probable cause for both the arrest and the subsequent prosecution.[1] Appellant has not challenged the verdict on the false arrest count. Essentially, her claim before us is that the department store's security personnel had actual or constructive knowledge of appellant's lack of criminal intent (reflected by her apparent effort to return the sweater to the saleswoman in the basement), and hence that Woodward & Lothrop had an obligation to seek to prevent the later criminal prosecution by the United States Attorney's office.[2] Thus, she argues, although the original arrest may have been defensible, the subsequent prosecution was without justification.

A finding that an arrest was based upon probable cause traditionally absolves a defendant from liability for a subsequent prosecution.[3] Smith v. Tucker, D.C.App., 304 A.2d 303 (1973); Prieto v. May Department Stores Co., D.C. App., 216 A.2d 577 (1966). In arguing that the evidence was insufficient to support the jury's verdict on the malicious prosecution issue, appellant in effect contends that no reasonable man could have concluded that the prosecution was warranted, notwithstanding the lack of a challenge to the verdict in favor of the store on the false arrest count.[4] However, when we conclude that a probable cause issue properly has been submitted to the jury —with respect to either the initial arrest or the subsequent prosecution based thereon —it is not our role to review its finding. D.C.Code 1973, § 17–305(a). This is such a case.[5]

---

1. Where the facts are in dispute, the issue of probable cause (assuming proper instructions) is for the jury. Smith v. Tucker, D.C.App., 304 A.2d 303 (1973); Wolter v. Safeway Stores, Inc., 80 U.S.App.D.C. 357, 153 F.2d 641, cert. denied, 329 U.S. 747, 67 S.Ct. 64, 91 L.Ed. 644 (1946).

2. The record indicates that all persons arrested at the store on suspicion of larceny were turned over to the Metropolitan Police Department to be charged formally, and that there was no policy providing for an internal review by the store's security personnel of the merits of particular cases. Woodward & Lothrop's Director of Security testified that he had no knowledge of any conversation between appellant and the saleswoman.

3. In Prieto v. May Department Stores Co., D.C.App., 216 A.2d 577 (1966), a case presenting a rather similar factual situation, we stated (at 579):

    [T]he action of the detective must be viewed from what he observed and not from what may have been in the mind of the plaintiff. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed."

4. The Circuit Court stated in Wolter v. Safeway Stores, Inc., supra n. 2, 80 U.S.App.D.C. at 358, 153 F.2d at 642:

    . . . the rule is that if the existence of probable cause must be determined from conflicting evidence, the question is for the jury; but if the facts from which the presence or absence of probable cause is to be ascertained are undisputed or clearly established, the question is one of law for the court.

5. We observed in Prieto, supra: "There is no material distinction between reasonable grounds for detention in false imprisonment and probable cause in malicious prosecution." 216 A.2d at 578. The jury's verdict on the false arrest count is supported by the record, which provides independent support for the verdict in favor of appellee on the count of malicious prosecution.

Basically, appellant urges us to conclude that the prosecution of her for petit larceny (necessarily conducted by the government rather than by Woodward & Lothrop) became unwarranted once she gave the security officer a plausible explanation for conduct which otherwise was obviously highly suspicious. The unspoken premise of such an argument is that the officer was obliged to believe the explanation of a suspected shoplifter. We neither may nor are disposed to adopt such a suggestion.[6] Prieto v. May Department Stores Co., *supra; see also* M. A. P. v. Ryan, D.C.App., 285 A.2d 310, 315 (1971).

Appellant also contends that reversible error was committed when the court permitted Woodward & Lothrop's counsel to cross-examine her about an incident which occurred some six years earlier, when she was 15. Appellant then was in a Hecht Company store. Apparently she placed two rings, with a total value of $3.00, on her finger and sought to leave the store without paying for them. She was apprehended by a security officer, who prepared a report on the incident which was signed by appellant prior to her release to her parents.[7]

As the trial progressed, counsel for the store stated his desire to cross-examine Mrs. Nichols concerning that occurrence. Appellant's counsel objected, but the court concluded that such evidence could be "re-ceived for the question of damages. It may also go to her credibility." The Hecht Company report was identified by defense counsel, and appellant was asked about the episode. She confirmed it. Defense counsel concluded his brief cross-examination on the subject, and rested. Mrs. Nichols' counsel then introduced the report into evidence.

In her amended complaint on the count of malicious prosecution, appellant sought damages, in part, for "great pain and mental anguish" and for "humiliation, mortification, indignity, disgrace and shame". We conclude that her prior involvement with the Hecht Company security officer was relevant on the issue of damages, and hence that evidence thereof properly was admitted by the trial court.[8] *See* Allen v. Vogue Amusement Co., 377 S.W.2d 805 (Ky.1964).

There being no error requiring reversal, the judgment below is

Affirmed.

PAIR, Associate Judge, Retired (concurring):

I concur in the result because, absent a clear record showing to the contrary, it must be presumed that the cross-examination of appellant respecting her juvenile indiscretion was permitted only on the issue of damages.[1]

6. We note, without intimating that testimony with respect thereto necessarily would have been admissible, that there is no indication that appellant sought to have her petit larceny case diverted from the criminal justice process by giving the government advance notice of the expected exculpatory testimony of the store's basement saleswoman.

7. The police were not called on that occasion, nor was a delinquency proceeding initiated. Hence, the use of the report does not raise a question as to the scope of the statutory requirement of confidentiality in juvenile delinquency proceedings. *See* D.C.Code 1973, § 16–2330.

8. We do not reach the question whether the introduction into evidence of the Hecht Company report by Mrs. Nichols' own counsel constituted a waiver of the prior objection to Woodward & Lothrop's cross-examination on the subject. *But see* Williams Bros. Grocery Co. v. Blanton, 105 Ga.App. 314, 124 S.E.2d 479 (1962); Texas Indemnity Ins. Co. v. Desherlia, 237 S.W.2d 715 (Tex.1951); In re Forsythe's Estate, 221 Minn. 303, 22 N.W.2d 19 (1946); C. McCormick, Law of Evidence, § 55, at 129 (1954); I Wigmore on Evidence § 18 (3d ed. 1940). *Cf.* Jones v. State, 205 Md. 528, 109 A.2d 732 (1954); Bice v. Birk, 435 S.W.2d 734 (Mo.App. 1968); State v. Tiedemann, 139 Mont. 237, 362 P.2d 529 (1961). Similarly, we do not find it necessary to determine whether such evidence would have been admissible independently as to appellant's credibility.

1. Had such cross-examination been permitted on the issue of appellant's credibility, it would have been, in my opinion, reversible error even if there had been no objection.