Dawit GABROU, Appellant,

v.

The MAY DEPARTMENT STORES COMPANY, t/a Hecht's and Joyce Hagen, Appellees.

No. 82–413.

District of Columbia Court of Appeals.

Submitted Dec. 15, 1982.

Decided March 22, 1983.*

* The decision in this case was originally released as a Memorandum Opinion and Judgment on March 22, 1983. Appellee's motion for publication was granted by the court.

Jonathan M. Owens, Washington, D.C., was on the brief for appellant.

Randell Hunt Norton and John Jude O'Donnell, Washington, D.C., were on the brief for appellees.

Before FERREN and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

The parties agree that Hecht's employees detained appellant for allegedly shoplifting a pair of gloves on December 10, 1979. A jury acquitted appellant of attempted petit larceny on April 17, 1980.

Appellant filed suit against Hecht's and Joyce Hagen, the Hecht's Special Police Officer who had preferred the charge against him, seeking compensatory and punitive damages for false imprisonment, malicious prosecution, invasion of privacy, assault and battery, and intentional infliction of emotional distress. At the close of appellant's case, the trial court directed a verdict in favor of appellees, on the ground that Hecht's had probable cause to detain appel-

lant. Appellant argues that the trial court erred in taking the question of probable cause away from the jury. His fallback argument is that even if the court was correct in its handling of probable cause, his claims for assault and battery and for intentional infliction of emotional distress survived the court's ruling. We disagree and affirm the trial court's decision.

Appellant testified that he entered the Hecht's Department Store at 7th and F Streets, N.W. with a box of Christmas cards he had purchased elsewhere. He proceeded to buy a pair of socks and six bath towels. After paying for the towels on the fifth floor, he returned to the ground floor where he picked up a pair of men's gloves. Confronted by a line at the cash register, he went to the store's south entrance to buy a shopping bag before paying for the gloves. Finding that machine out of order, he walked to a second machine at the store's north entrance, admittedly passing at least one or two cash registers en route. Once at the bag machine he thrust the gloves into his pocket so as to have a free hand with which to operate the machine. According to appellant, he was struggling with the machine when he was approached by Soloman Mays, a Hecht's security guard. Mays gave him a shopping bag, then asked him "Is it paid?" Appellant replied that it was. Mays then asked him to "Go to there."[1] Mays then asked "What about the gloves?" to which appellant responded that he had not yet finished his shopping. Mays then took appellant to the store's security office, where they met Joyce Hagen, who told appellant he was under arrest. He was subjected to a pat down search in the security office, and then taken into police custody by the Metropolitan Police Department.

Appellant called Hagen and Mays as part of his case. Hagen testified[2] that she saw

1. Appellant's theory of the case is that Mays was asking appellant to walk past the store's "sensormatic," a machine placed next to the store's exit that sounds an alarm if merchandise with tags still attached comes within its range. The trial court's finding that appellant denied the alarm sounded is clearly erroneous; appellant never explicitly mentioned the sensormatic.

2. This summary is based largely on the witness' testimony on cross-examination.

appellant take the gloves and place them in his coat pocket, all the while watching everybody around him. She followed him as he walked through several departments and caught up with him as he was about to go through the exit, having triggered the sensormatic on his way out. Mays also testified that appellant was at the exit, and not at the bag machine, when he was stopped, and that he had triggered the sensormatic on his way to the exit.

In this jurisdiction, the gravamen of a suit for false arrest or false imprisonment is an unlawful detention. *Jackson v. District of Columbia,* 412 A.2d 948, 954 (D.C.1980); *Marshall v. District of Columbia,* 391 A.2d 1374, 1380 (D.C.1978). Probable cause for an arrest and detention constitutes a valid defense to a claim of false arrest or imprisonment. *Wade v. District of Columbia,* 310 A.2d 857, 862 (D.C.1973) (en banc). Moreover, defendant need not show probable cause in a constitutional sense; it is sufficient that the arresting officer have a good faith, reasonable belief in the validity of the arrest and detention. *Jackson, supra,* 412 A.2d at 954; *Wade, supra,* 310 A.2d at 862. The existence of probable cause will likewise defeat a claim for malicious prosecution, *Nichols v. Woodward & Lothrop, Inc.,* 322 A.2d 283, 285 (D.C.1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975); *Prieto v. May Department Stores Co.,* 216 A.2d 577, 578 (D.C.1966), and a claim for tortious invasion of privacy. *Jackson, supra,* 412 A.2d at 954.

In determining whether to grant a directed verdict, the trial court must consider the evidence "in a light most favorable to [the non-moving party], and with all reasonable inferences drawn in [the non-moving party's] favor." *Washington Realty Co., Inc. v. Harding,* 45 A.2d 785, 785–86 (D.C.1946). The moving party is entitled to a directed verdict only if no reasonable juror could find in favor of the non-moving party. *Neisner Brothers, Inc. v. Ramos,* 326 A.2d 239, 240 (D.C.1974); *Singer v. Doyle,* 236 A.2d 436, 438 (D.C.1967).

In the case before us, if the jury had credited appellant's testimony in its entirety, and had drawn every inference in his favor, it would still have had to conclude that Mays detained appellant out of a good faith, reasonable belief that appellant was shoplifting. Appellant unequivocally told Mays that he had paid for the items in his possession, then set off the sensormatic machine,[3] then conceded that he had not paid for all the items, but offered the explanation that he had not finished shopping. Under these circumstances, the trial court properly resolved the issue by directing a verdict for appellee. *Dent v. May Department Stores,* 459 A.2d 1042 (D.C.1982).

We turn now to appellant's claims for assault and battery and for infliction of emotional distress. An arresting officer may use reasonable force to maintain a lawful arrest. *Jackson, supra,* 412 A.2d at 956. Since appellant's arrest was based on probable cause he can prevail on a claim for battery only if he can prove that appellees used excessive force to maintain

---

**3.** As noted above, appellant never contradicted the other witnesses' testimony that the alarm sounded, and, indeed, argues in his brief that it did sound (albeit not under the circumstances testified to by the Hecht's employees). In reviewing a trial court's decision on a motion for a directed verdict we may consider uncontradicted evidence supporting the moving party's case. *Lansburgh's, Inc. v. Ruffin,* 372 A.2d 561, 564 (D.C.1977).

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—

not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion."

*Id.* (quoting *Boeing Company v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc)).

Applying the legal standards to the facts of this case, we assume that the alarm sounded, but under circumstances consistent with appellant's testimony. That is, we assume appellant was at the bag machine and that Mays asked him to step through the sensormatic field.

the arrest. *Id.*[4] Appellant's amended complaint alleges only that he was "put in apprehension of an immediate and harmful and offensive contact with defendant's agents" and that he was searched "over [his] objections and protestations of innocence." Appellant accordingly failed to allege force above and beyond that necessary to maintain a lawful arrest.

Appellant contends that the allegations of his amended complaint, when coupled with his testimony at trial, presented a jury question as to excessive force. The record indicates, however, that the claim of excessive force was added on appeal as an afterthought. The testimony on the subject was scant. Appellant testified that Mr. Christian (a Hecht's employee who was not called as a witness) "called me to approach to him, 'Get up.' He called me and grabbed my neck ... Just like this he grabbed me like this and he put me against the wall like this. And—[] .... He put his hands he searched me. He take hold of my wallet." Counsel for appellant made no attempt to clarify or preserve the demonstration for the record, nor did he ask any follow-up questions of his client. This is simply too insubstantial a basis for reversal. The trial court could not reasonably be expected to send to the jury a question that appellant never posed in the complaint, never asked to add to the complaint, and neither raised nor developed in presenting his case.

■ It follows that appellant's claim for infliction of emotional distress must also fail. Although "presumably, emotional distress could result from a serious case of excessive force," *Jackson, supra,* 412 A.2d at 955, appellant has not alleged excessive force. Thus, the trial court's finding that the arrest was based on probable cause defeats this claim as well.

*Affirmed.*

4. Appellant's burden is somewhat higher on his assault claim; to prevail on that claim he would have to demonstrate that the threatened use of force was "clearly excessive." *Jackson, supra* 412 A.2d at 956.