**Manuel A. MIRANDA, Plaintiff,**

v.

**PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE, et al., Defendants.**

**Civ. A. No. 90–2518 (HHG).**

United States District Court, District of Columbia.

April 21, 1993.

---

Paul F. Colarulli, Howard T. Anderson, Stier, Anderson & Malone, Washington, DC, for plaintiff.

Vincent J. Fuller, Jeremiah C. Collins, Philip A. Sechler, Williams & Connolly, Washington, DC, for defendants Georgetown University, Georgetown University Alumni Ass'n, Inc., John William Mannix, David Budd, Eugene Nock, and Robert West.

Nancy S. Chultz, Asst. Corp. Counsel, D.C., Washington, DC, for defendant District of Columbia.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

In September 1989, the president of the Georgetown University Alumni Association called a special meeting of the 1987 Board of Governors to ratify changes in the relationship between the University and its Alumni Association. A room was reserved for the meeting in the University's Copeley's Formal Lounge. Upon a request for a ruling, John William Mannix, counsel to the Georgetown Alumni Association, informed the officers who were to be in charge of the meeting that powers of attorney should not be accepted with respect to attendance. W. Dennis Owen, president of the Alumni Corporation, prepared "Orders of the Day," one of which was that no person other than a member of the 1987 Board of Governors and several other specified persons would be permitted to attend the special meeting. According to the complaint in this case, Eugene L. Stewart, a member of the 1987 Board of Governors, executed a power of attorney naming Manuel A. Miranda, plaintiff herein, as his agent and attorney in fact for the special meeting.

Miranda entered the meeting room; he was told by several members of the Georgetown University Department of Public Safety to leave, which he refused to do; these officers then informed Miranda that he would be arrested if he did not leave; John F. Burgess, Associate Vice President of the University for Alumni Affairs, thereafter told Miranda that he could not attend the meeting because powers of attorney were not acceptable; and Miranda again refused to depart, stating that he would leave the lounge only if he was arrested.

The officers then arrested Miranda for unlawful entry; he dropped to the floor and had to be carried out; and he was taken to the Metropolitan Police Department. The U.S. Attorney's Office declined to prosecute

Miranda. After Miranda's involuntary departure, the Board discussed and ratified the Orders of the Day and the previous Board actions.

On October 15, 1990, Miranda filed the instant action against Georgetown University, the District of Columbia, and a number of individuals, for false arrest, violation of civil rights, conspiracy, malicious prosecution, slander, assault, battery, and intentional infliction of emotional distress, seeking $8 million in damages. Now pending before the Court are motions for summary judgment by the Georgetown defendants and by the District of Columbia.

All of plaintiff's claims ultimately hinge on the legality of his arrest and removal from the meeting room. In the view of the Court, it is clear as a matter of law that the actions taken by the various defendants were legal, for plaintiff was at the time guilty of unlawful entry.[1] Notwithstanding plaintiff's effort to portray this case in apocalyptic terms as if it were an overriding human rights or civil rights struggle on a par with those of Rosa Parks or Nelson Mandela rather than a relatively pedestrian disagreement between groups of alumni, the issue before the Court is not complex.

■ The undisputed facts are that plaintiff attended a meeting closed to the public at large and to all but a limited class of persons; that those in legal control of the meeting decided that powers of attorney would not be recognized; that plaintiff was told several times that, not being validly present, he had to leave; that plaintiff refused several times to do so; and that finally he was escorted out in an arrest status when nothing else worked

to keep him from attending the closed meeting. This was a valid action.

■ Plaintiff's arguments to the contrary are not persuasive. He claims primarily that he had a right to attend the meeting because he possessed a power of attorney from a member of the Board. More specifically he relies on a provision of the Corporation's by-laws granting full voting rights to members of the Corporation, including presumably all alumni. However, the voting rights provision has nothing to do with the conduct of board meetings.[2] The plain fact is that the Corporation's by-laws authorize the President, as the Corporation's chief executive officer, to preside at all board meetings and to exercise all the executive powers of the Corporation. That is precisely what he did. Moreover, even if it be assumed that plaintiff had a right to attend in the first place, he patently did not have the authority to remain in the face of demands by persons "lawfully in charge" of the premises that he leave. *O'Brien v. United States,* 444 A.2d 946, 948 (D.C.App.1982); *Feldt v. Marriott Corp.,* 322 A.2d 913, 915 (D.C.App.1974).[3]

Plaintiff also asserts that he was not told to leave the premises by the person lawfully in charge, on the theory that only the Association's full Board had the authority to ask him to leave. But the University itself was in charge of the premises: there was no lease or tenancy between it and the Board; there was no payment for the room; and the University could have revoked the license at any time. The University was lawfully in charge of the room, and its agents therefore had the authority to order plaintiff to leave. For these reasons, it is the Court's conclusion that the order to plaintiff to leave and his

---

**1.** For purposes of this civil action, it is not necessary that plaintiff have been convicted of the offense. Defendants can assert an unlawful entry even if there has been no conviction. Indeed, at the time plaintiff was ejected, no one could know whether the U.S. Attorney would prosecute, and what the outcome of such a prosecution would be.

**2.** Plaintiff also relies on *Robert's Rules of Order,* but here again plaintiff puts the cart before the horse. These rules do not give an individual who is not a member of a particular deliberative assembly the right to attend a meeting before a decision on attendance is made by the assembly.

**3.** Plaintiff also argues that he did not have the requisite intent necessary for a violation of the unlawful entry statute. But specific intent is not involved in this particular criminal violation, *Artisst v. United States,* 554 A.2d 327, 329 (D.C.App.1989), much less in the use of the statute, in a civil context, to remove someone from a meeting place where he has no right to be. The officers who removed plaintiff had probable cause to believe that plaintiff was committing the offense of unlawful entry. *Gabrou v. May Dept. Stores,* 462 A.2d 1102, 1104 (D.C.1983).

arrest when he failed to do so were valid and legal.[4]

The motion for summary judgment of the private defendants as well as the motion for summary judgment of the District of Columbia are accordingly granted, and judgment will be entered for the defendants.

---

4. This conclusion also disposes of plaintiff's various tort claims. *Gabrou v. May Dept. Stores, supra,* 462 A.2d at 1104–05. As for plaintiff's reliance on 42 U.S.C. § 1983, it, too, lacks merit,

for he was not deprived of any underlying constitutional right. *See generally, Dellums v. Powell,* 566 F.2d 167, 175–76 (D.C.Cir.1977).