**Frank DAQUILA et al., Appellants,**

v.

**Melvin H. SCHLOSBERG et al., Appellees.**

**No. 13933.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 15, 1957.

Decided March 20, 1958.

Mr. John T. Casey, Washington, D. C., with whom Mr. David M. Klinedinst, Washington, D. C., was on the brief, for appellants.

Mr. William H. Clarke, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, WILBUR K. MILLER and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Our appellants, Mrs. Daquila, who resides in Maryland, and her husband, who resides in Florida, brought this suit in the District of Columbia for injuries suffered from a fall in appellees' building in Virginia. Appellees reside in the District of Columbia. Of ten witnesses, four live in Virginia, five in the District of Columbia, and one in Florida. Appellees filed a motion to dismiss on grounds of forum non conveniens. The District Court granted the motion because "the tort complained of occurred

in Virginia and that the defendants maintained their business in Virginia and that the statute of limitations has not run in Virginia and that certain witnesses are in Virginia, and that the law of the State of Virginia would govern in this instance and that this jurisdiction is not the most convenient forum * * *." This appeal followed.

To sustain the action below, appellees rely solely on Gross v. Owen, 1955, 95 U.S.App.D.C. 222, 221 F.2d 94, 96. There we upheld a dismissal by the District Court which found: "This is a controversy between two citizens of the Free State of Maryland. We have a congested docket here and there is no reason why this case cannot be resolved in Maryland." But where, as here, the plaintiff elects to sue the defendant in the latter's district of residence, his choice should be disturbed only upon a strong showing that it is required by the balance of convenience. Since there is no such showing here, we must agree with appellants that the District Court exceeded the limits of its discretion in the matter. Cf. Wiren v. Laws, 1951, 90 U.S.App.D.C. 105, 194 F.2d 873.

Reversed.