**Eleanor CASPAR, a minor by her father and next friend, George J. Caspar, and George J. Caspar, individually, Appellants,**

**v.**

**Rita DEVINE and Richard John De Felice, Appellees.**

**No. 14207.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 6, 1958.

Decided May 1, 1958.

**198**

Mr. Howard Vogel, Washington, D. C., for appellants.

No appearance was entered for appellees.

Before REED, Associate Justice of the Supreme Court, retired,* and FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This case is here on appeal from an order of the District Court dismissing the complaint on the ground of *forum non conveniens*. The facts follow:

■ On July 29, 1957, appellants, residents of Maryland, filed in the District Court a complaint seeking damages for injuries sustained in an automobile accident in the District of Columbia. The complaint named appellees, also residents of Maryland, as defendants, and designated the Director of Vehicles and Traffic as resident agent of the defendants, under D.C.Code § 40–423 (Supp. VI, 1957). On the same date that the complaint was filed, appellants furnished to the Clerk two copies of the complaint to be served with the summonses to initiate the process of effecting service on the non-resident defendants. See Fed.R.Civ.P. 4, 28 U.S.C.A. No undertaking as required by the cited statute was filed by plaintiffs and no return of service appears in the docket of this case. Cf. Fed.R.Civ.P. 4(g). Two days later, on July 31, 1957, the District Court issued to the appellants an order to show cause why the complaint should not be dismissed on the ground of *forum non conveniens*, citing our opinion in Gross v. Owen, 1955, 95 U.S.App.D.C. 222, 221 F.2d 94. A copy of this order was mailed only to appellants' counsel. Cf. Fed.R.Civ.P. 5. On the return date of the order appellants' counsel appeared before the District Court and opposed dismissal. The court dismissed the complaint without prejudice—presumably, without prejudice to the filing of a similar action in the state courts of Maryland. Notice of appeal was timely filed, but it does not appear that copies of that notice were mailed to appellees. See Fed.R.Civ.P. 73(a), (b). No appearance has ever been entered for appellees here or in the District Court. It does appear that copies of appellants' brief on appeal, and of their motion to extend time to docket the record here, were mailed to appellees personally. In effect, therefore, we have before us *ex parte* action by the District Court, followed by an appeal in which appellees have not appeared. Nonetheless, we think there was final judicial action by the District Court, which is subject to our review. See Ex parte Carter, 1949, 85 U.S.App.D.C. 229, at page 232, 177 F.2d 75, at page 78.

Appellant alleged in the District Court that: the accident happened in the District of Columbia; the witnesses are in the District; the police who investigated the accident are members of the Metropolitan Police Department; the hospital where the minor plaintiff was given emergency treatment is in the District; and the doctors who treated the minor plaintiff for her permanent injuries are in the District.

■ On the showing thus made, we think that the District Court erred in dismissing the complaint. As was said in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 842, 91 L.Ed. 1055:

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. * * * Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * But unless the

---

* Sitting by designation pursuant to the provisions of Section 294(a), Title 28 U.S.C.A.

balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

See also Daquila v. Schlosberg, 1958, 102 U.S.App.D.C. 366, 253 F.2d 888, and Frank, J., in Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, 330, quoted in Wircn v. Laws, 1951, 90 U.S.App.D.C. 105, 107, 194 F.2d 873, 875.

Our reversal is, of course, without prejudice to such motions—on this or any other ground—as the defendants may be advised to make, if and when the complaint is served in the manner provided in D.C.Code § 40–423 (Supp. VI, 1957).

Reversed and remanded.