Alphonse **ZAPPELLONI**, Appellant,

v.

**DISTRICT OF COLUMBIA** and D. C. **Transit System, Inc.**, Appellees.

No. 2850.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 4, 1961.

Decided Jan. 10, 1962.

Thomas A. Ziebarth and Carl L. Shipley, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for appellee District of Columbia.

David L. Hilton, Washington, D. C., for appellee D. C. Transit System, Inc.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

This appeal arises from a ruling against appellant in his personal injury suit against the District and the transit company over whose passenger loading platform he allegedly fell while crossing the intersection at 14th and F Streets, N. W. His complaint charged that appellees negligently failed to mark the platform "although it entered into and partially across the lane marked for pedestrian traffic." At pretrial conference the trial judge determined as a matter of law, on the basis of the pleadings, appellant's deposition, and photographs of the location, that appellees had not been negligent; and, alternatively, that if they were negligent, appellant's own contributory negligence barred recovery.

There is no need to inquire into the issue of appellees' negligence for we agree that the evidence conclusively establishes appellant's fall was attributable to his own failure to observe reasonable standards of care and attention. The accident occurred at twilight on November 30, 1959, as appellant was going to work. In the process of crossing the intersection within the crosswalk, he apparently caught the heel of his shoe on a portion of the platform which sloped to street level. By his own account this was the same route he had traveled for the past eight and a half years, on an average of four times a day, seven days a week; yet appellant denied ever having noticed that the ramp sloped and extended into the crosswalk. Furthermore, he admitted that nothing prevented him from seeing the platform. The street was not crowded, it had not yet become dark, and the street lights were turned on. Appellant explained that he was walking at his regular pace and was looking straight ahead when he tripped over the edge of the platform.

Under these circumstances, where appellant failed to discover and avoid a plain and obvious obstacle in his path, it is only possible to conclude that he did not exercise a proper regard for his own protection and safety reasonably to be expected of the ordinary pedestrian. 38 Am.Jur., Negligence § 186. Especially is this evident in view of appellant's frequent travels over the same path and his admitted familiarity with the area generally. While it is true that contributory negligence is ordinarily a question of fact for the jury to resolve, the situation here was so glaring as to admit of only one reasonable inference: that appellant was contributorily negligent as a matter of law. See Safeway Stores, Inc. v. Feeney, D.C.Mun.App., 163 A.2d 624 (1960). We hold therefore that the trial court acted properly in so ruling.

Affirmed.