William HARDY, Jr., Appellant,

v.

Lucretia W. HARDY, Appellee.

No. 3425.

District of Columbia Court of Appeals.

Argued Feb. 3, 1964.

Decided Feb. 28, 1964.

Cornelius H. Doherty, Washington, D. C., for appellant.

Francis L. Young, Jr., Washington, D. C., with whom Thomas S. Jackson, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a judgment upon a jury verdict in favor of appellee for damages for personal injuries sustained in an automobile accident in Maryland and from denial of alternative motions by appellant for judgment notwithstanding the verdict or for a new trial.

Appellant was driving appellee, his mother, together with several other ladies, to attend church in Maryland. Appellee and another passenger were seated next to the driver on the front seat. The route took them past the house occupied by appellee's married daughter where appellee requested a brief stop for use of toilet facilities. Appellant stopped his car across the street from the house. The other occupant of the front seat, sitting on the right-hand side, made no move to alight, whereupon appellant got out to go around to the other side of the car to open the door for her. He left the ignition on, the engine running, and the left front door standing open. He thought he had applied the hand brake and had placed the gear selector lever in "park" position. He noticed that his mother was moving around on the front seat, as if attempting to leave the automobile from the left side, so he turned back to assist her, but by this time the car was moving rapidly.[1] Appellant grabbed the steering wheel and turned it to avoid striking objects ahead, but could not reduce its momentum. As a result, the car crossed the roadway and struck a tree. All occupants in the vehicle were injured by the impact. Appellee testified that her need to seek the bathroom was too great to delay until the other passenger in the front seat had alighted in order to allow appellee to get out on the right side. She did not realize that the car engine was still running. By reason of her size, she experienced difficulty in passing under the steering wheel to reach the left front door, but she recalled nothing beyond that point. There is no showing of any warning or admonition given her at any time by appellant.

The trial judge instructed the jury on negligence, contributory negligence, proximate cause, the pertinent language of Section 247, Article 66½, Annotated Code of Maryland,[2] and measure of damages.

Appellant contends that the trial judge erred in refusing to direct a verdict in his favor on the grounds that (1) there was no proof of his negligence which, as a matter of law, was the proximate cause of the accident; and (2) that appellee's negligence, contributory negligence, or her intervening acts were the proximate cause of the accident. We do not agree.

▮ The record contains conflicting testimony as to the cause of the accident

---

1. The pretrial statement set forth that "in attempting to alight from the automobile, plaintiff [appellee] placed her foot on the accelerator pedal * * *."

2. "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway." (Ann.Code, 1951, § 212; 1943, ch. 1007, § 192).

which was properly submitted to the jury to pass upon the credibility of witnesses, to reconcile conflicts in the description of events and to draw all reasonable inferences from proven facts. McKnight v. Neal, D.C. Cir., 320 F.2d 750, 751. Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law. They become questions for the court when only one reasonable conclusion can be drawn from all the evidence. Unless plainly contrary to the weight of the evidence, determination by the jury of factual issues will not be disturbed. Zappelloni v. District of Columbia, D.C.Mun.App., 176 A.2d 784; Corson & Gruman Co. v. Zuber, D.C.Mun. App., 152 A.2d 566; Cox v. Pennsylvania Railroad Company, D.C.Mun.App., 120 A. 2d 214.

■ Although District of Columbia law controls procedural matters in the trial, Maryland law governs substantive questions when the accident occurs in that state.

"* * * as we pointed out in Boland v. Love, 95 U.S.App.D.C. 337, 341, 222 F.2d 27, 31 (1955), the law of the District of Columbia controls as to whether there is sufficient evidence to take the case to the jury, whereas the law of the place of injury—here, Pennsylvania— controls as to the standard of conduct required of the parties, including * * the question 'whether the *particular conduct* involved here is or is not negligent'." Machanic v. Storey, 115 U.S. App.D.C. 87, 89, 317 F.2d 151, 153.

We therefore look to Maryland law for guidance as to the standard of conduct to be applied to the parties involved in the accident. Under the Maryland decisions, questions bearing upon the actions and conduct of appellant and appellee at the time of the accident, including whether there was negligence or omission of due care, contributory or concurring negligence, proximate cause, and the applicability of a particular section of a state statute, must be decided on common-sense principles in the light of surrounding facts and circumstances; and these questions, unless the facts admit of but one inference, are properly for determination by the jury. Farley v. Yerman, 231 Md. 444, 190 A.2d 773; Otis Elevator Company v. LePore, 229 Md. 52, 181 A.2d 659; Yellow Cab Co. v. Hicks, 224 Md. 563, 168 A.2d 501; Jubb v. Ford, 221 Md. 507, 157 A.2d 422; and Waltzinger v. Birsner, 212 Md. 107, 128 A.2d 617.

■ From all the evidence and under proper instructions as to the law, the jury could find that the sole proximate cause of the unfortunate accident was the driver's omission to exercise reasonable care and caution under all the circumstances, in that, in alighting to assist his mother, he left the front seat unattended, neglected to cut off the engine, failed to lock the ignition and remove the key, to firmly set the hand brake, to take his selector lever out of "drive" position, and thereafter to close the left front door; and that the driver's negligence alone under the conditions then existing was the proximate cause in starting the chain of events which ultimately produced movement of the automobile and resultant injury to the passengers. The record does not reveal that appellee, who was advanced in years, knew anything about the mechanics or operation of a motor vehicle. It does imply that she was probably encouraged or misled by her son's actions and accepted the open door as a directive or invitation to leave thereby. Stepping on the accelerator, if she did, would have produced no danger if the engine had not been left running in an "unattended" car. By his failure to take reasonable precautions to protect the passengers, the driver set the scene for the foreseeable events which ensued.

■ Appellant also complains of the trial judge's administration of the "Allen charge" after the jury had deliberated for some time without reaching a verdict. The substance and purpose of this charge were originally approved by the Supreme Court in Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528, and subsequently

upheld by the United States Court of Appeals for the District of Columbia Circuit in a number of decisions, the latest being issued February 6, 1964, in three consolidated cases numbered 17759, 17875 and 17879, entitled Muldrow (Toomey et al., and Sinclair Refining Company) v. Daly, D.C.Cir., 329 F.2d 886. In the circumstances of the present case, its delivery was within proper bounds and did not prejudice appellant in the final result.

 We are satisfied that the actions of appellee under all the circumstances were not negligence as a matter of law but presented only other questions of fact for determination of the jury. The record contains competent evidence to support the jury findings on all questions which were submitted under proper instructions from the trial judge, to which no objection was made by appellant. We are without power to substitute our own views for those of the jury.

Affirmed.