Mary Lou SHAW, Appellant,

v.

The MAY DEPARTMENT STORES CO., a
corporation, trading as The Hecht
Co., Appellee.

No. 4978.

District of Columbia Court of Appeals.

Argued March 9, 1970.

Decided Aug. 14, 1970.

Howard B. Silberberg, Washington, D. C., with whom Nathan L. Silberberg, Washington, D. C., was on the brief, for appellant.

John Jude O'Donnell, Washington, D. C., for appellee. J. Roy Thompson, Jr., Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from summary judgment for appellee-defendant on claims for false arrest, false imprisonment, malicious prosecution and assault. In the light most favorable to appellant (plaintiff), the following pertinent facts appear without material contradiction.

Appellant had attended a sewing class at Hecht's Marlow Heights store with a companion. After class they separated to do some shopping. Appellant made a purchase in the material department and placed it in a large shopping bag containing material used in the sewing class. She then went to a different area of the store to get some party streamers and there noticed an 88-cent sale at the notions counter. A store detective saw her pick up two 88-cent items, a package of ballpoint pens and a telephone directory, and take them to another counter which had a display of Halloween costumes, one of which she purchased. Upon inquiring whether she could pay for the two 88-cent items there she was advised to return to the notions counter to pay. She then walked through the toy department, looked at some dolls, and in doing so put the pens and directory in her shopping bag. At this point, she remembered that her companion was supposed to be waiting for her at the glass doors at an exit on the upper level. She walked fast across the lower level and up the escalator, and went quickly to the glass doors. At the point when she was either standing at the door or had put her hands on it, a female store detective touched her on the shoulder and took her into custody. At the time of the arrest, appellant had not paid for the ballpoint pens or the telephone directory.

Appellant was taken by the store detective to a small room in the store interior where she was questioned and kept in custody for about an hour. She was then transported to a Maryland Justice of the Peace, where a state warrant was issued against her for shoplifting. After a trial she was found not guilty in the Peoples Court for Prince George's County. Upon

appeal by the government appellant was later tried de novo before a jury in the Circuit Court for Prince George's County [1] and again was found not guilty.

■■ After appellant's deposition was taken, appellee moved for summary judgment, contending in essence that based upon what the lady store detective had observed, there was probable cause to believe that appellant was engaged in a shoplifting endeavor. The trial court granted the motion, citing Prieto v. May Department Stores Co., D.C.App., 216 A.2d 577 (1966). *Prieto* is authority in this jurisdiction for the proposition that a showing of probable cause constitutes a valid defense in an action for false imprisonment; and that probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed.

■ In determining whether the grant of summary judgment was proper in this case, however, it is necessary to apply the law of Maryland as the allegedly tortious conduct occurred there. Hardy v. Hardy, D.C.App., 197 A.2d 923 (1964). The law there differs somewhat from ours on some of the issues involved. But if, as we conclude, the result reached was correct under the law of that state, we need not remand to the trial court for further proceedings.

■ In Maryland, the necessary elements of a case for false arrest or false imprisonment [2] are "a deprivation of the liberty of another without his consent and without legal justification." Great Atlantic & Pacific Tea Co. v. Paul, 256 Md. 643, 654, 261 A.2d 731, 738 (1970). As the

court of appeals there noted, there has been some confusion in that state on what is meant precisely by the term legal justification. This, says the court, is due primarily to the frequent statement that probable cause is not a defense to an action for false imprisonment but legal justification is; but probable cause may be shown in mitigation of punitive damages. *Id.*

■ The question arises as to what constitutes legal justification if, as it appears, it is not synonymous with probable cause. *Great Atlantic & Pacific* establishes, in the context of false arrest, that in Maryland a private person has no power to arrest one committing a misdemeanor in his presence unless it amounts to a breach of the peace; and that the usual shoplifting incident does not disrupt the public peace. 256 Md. at 653–657, 261 A.2d at 738–739. If we read the effect of the decision correctly, it also stands conversely for the proposition that the element of legal justification is established if in making an arrest for a misdemeanor a police officer, as distinguished from a private person, has reasonable grounds to believe that conduct he has observed amounts to a misdemeanor. *See also* Robinson v. State, 4 Md.App. 515, 522–524, 243 A.2d 879, 884–886 (1968). Thus, legal justification may only be found where the person making the arrest has legal authority to do so.

■ Turning to the facts in this case, the arrest was made by a store detective of Hecht Company who was also a Special Officer of Prince George's County,[3] with the power of a policeman to arrest.[4] When the Special Officer made the arrest at an exit from the store she had observed appel-

---

1. This procedure was permitted under a Maryland statute.

2. There appears to be no real difference as a practical matter between false arrest and false imprisonment. Great Atlantic & Pacific Tea Co. v. Paul, 256 Md. 643, 653–655, 261 A.2d 731, 738 (1970) ; Prosser, The Law of Torts 54 (3d ed. 1964).

3. R. 35.

4. Md.Ann.Code art. 23, §§ 344, 348 (1966 Repl. Vol.) (the incident involved here took place October 26, 1964) ; Prince George's County, Md., Code art. II, §§ 15–19, 15–26 (1968 ed.). Effective July 1, 1969, the provisions in the Maryland Code were codified and appear in Md.Ann. Code art. 4, §§ 60 et seq. *See also* Pratt v. State, 9 Md.App. 220, 263 A.2d 247 (1970).

lant apparently on the verge of leaving the store with two articles for which she had not paid. There is no material conflict on these operative facts. In considering the claim of false arrest we must view the situation as of the moment of arrest. We believe there were sufficient facts to lead a prudent officer reasonably to believe appellant was in the act of committing a theft. Consequently, we believe that the trial court reached the correct result in concluding that, as a matter of law, there was no false arrest. This being so, we likewise see no false imprisonment.[5] Additionally, as to the latter, the record discloses no facts constituting an unreasonable detention in the store after the arrest and prior to transportation to the police station. While appellant was detained for about an hour or so in the store, it appears that to a substantial extent this time was consumed in checking out her story concerning her companion. In any event, this detention does not rise to the gravity of false imprisonment.

We next consider the claim of malicious prosecution. It is true, as appellant says, that the record does not show specifically that the trial court considered this charge (as well as the charge of assault) in granting summary judgment. But we do not think this factor requires a remand as the record is such that we are in a position to decide the question.

 In Maryland, four elements are required to establish malicious prosecution. There must be (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice. Safeway Stores v. Barrack, 210 Md. 168, 173, 122 A.2d 457, 460 (1956). While the first two elements are present, the remaining two are

not. We believe the reasonable basis for the arrest also constituted probable cause for the prosecution.

The undisputed facts are that appellant left the counters with two items for which she had not paid, proceeded up the escalator and went to a street door, where she was arrested.[6] Though she later declared her intention was to return and pay for the items after locating and informing her companion with whom she was driving that she would be delayed, her explanation was not such as to translate reasonable grounds to arrest into lack of probable cause to prosecute. Certainly, the explanation did not *compel* the conclusion that she was not committing a theft. And it was not required that the explanation of her intentions be accepted. It is true that she was later twice acquitted of shoplifting but this factor, of course, does not by itself negate the existence of probable cause to prosecute.

As to the remaining element of "malice", we find no evidence that this was present. Consequently, we conclude that as a matter of law the necessary elements for malicious prosecution were *not present*.

 Lastly, our review of the record does not show sufficient basis for the assault charge. The only contact discernible in the record between appellant and the store detective, or other store employees, was when the detective touched her on the shoulder at the time of arrest, and later escorted her to the store office. There is no indication of any undue force.

Since the trial court reached the correct result in granting summary judgment for appellee, the judgment is

Affirmed.

HOOD, Chief Judge (concurring):

I fully concur with the result, but I add this observation. Appellant was a resident

---

5. *See* note 2, *supra*.

6. There is some dispute as to whether she had gone through the exit or was standing at the exit, but we do not view this conflict as material here.

of Maryland. Appellee's store, in which the incident occurred, was in Maryland. The arresting officer was a Maryland county special officer and the criminal prosecution took place in Maryland. This case of course is governed by Maryland law and I see no reason why it should not have been brought in a Maryland court. It could and, I think, should have been timely dismissed on the grounds of forum non conveniens. See Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94 (1955).