**Ella J. PITTS, Appellant,**

**v.**

**WOODWARD AND LOTHROP,
a body corporate, Appellee.**

**No. 6847.**

District of Columbia Court of Appeals.

Argued March 1, 1973.

Decided Oct. 31, 1974.

Certiorari Denied Jan. 27, 1975.
See 95 S.Ct. 832.

De Long Harris, Washington, D. C., with whom W. Alton Lewis, Washington, D. C., was on the brief, for appellant.

Francis X. Quinn, Washington, D. C., with whom William R. Scanlin, Washington, D. C., was on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.

REILLY, Chief Judge:

This appeal challenges the application of the *forum non conveniens* statute,[1] to any action begun in the Superior Court against any commercial company incorporated in the District of Columbia. In that court, the defendant corporation, Woodward and

---

1. D.C.Code 1973, § 13–425.

Lothrop, successfully moved to dismiss before trial on the ground that the proper forum for entertaining the action was a Maryland court.

In this case, plaintiff seeks damages for an assertedly false arrest and wrongful detention which occurred while she was shopping in a branch store of Woodward and Lothrop located in Chevy Chase, just beyond the District line. Her claim, sounding in tort, is accordingly governed by the law of the State of Maryland, where the incident occurred. Plaintiff is a resident of Rockville, the shire town of Montgomery County, where a trial court of general jurisdiction is situated. Obviously, to appear as a witness if a suit were filed in that court would cause her no personal inconvenience. Nor was any suggestion made at the motions session that any witnesses to the incident would not be subject to compulsory process in the county court.

We have had occasion, in a decision reached today, Frost v. Peoples Drug Store, D.C.App., 327 A.2d 810 (1974), to discuss the *forum non conveniens* doctrine at some length. We cited with approval the concurring opinion of former Chief Judge Hood in Shaw v. May Department Stores Co., D.C.App., 268 A.2d 607, 610–611 (1970); *also* Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653 (1957), and Nee v. Dillon, 99 U.S.App.D.C. 332, 239 F.2d 953 (1956), in which the point was stressed that if the plaintiffs are residents of Maryland and their cause of action arose there and is governed by the law of that state, trial judges were fully warranted in dismissing such actions if filed in a District of Columbia court.

Appellant seeks to distinguish these cases on the ground that because the District of Columbia corporation laws under which Woodward and Lothrop was chartered required the designation of a registered agent, the corporation, being domiciled in the District, could be sued here. Her brief cites as controlling on this issue two Supreme Court decisions, Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), and Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447 (1940).[2] All that these cases held, however, was that the courts in which these suits were filed had jurisdiction over the defendant corporations under the diversity provisions of the Judiciary Code.

It is not sufficient, when an issue of *forum non conveniens* or change of venue is timely raised in a civil action, to show that the court in which it has been filed clearly has jurisdiction over the defendant. This is true even in cases where the statute conferring the cause of action explicitly gives plaintiffs a wide choice of forum in suits against corporations. Pacific Car and Foundry Company v. Pence, 403 F.2d 949 (9th Cir. 1968). There the court observed:

> . . . If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration. [*Id.* at 954 (footnote omitted).]

Appellant also relies on Daquila v. Schlosberg, 102 U.S.App.D.C. 366, 253 F.2d 888 (1958), where a trial court's dismissal of an action for damages based on an accident occurring in a Virginia building was reversed on the ground that the owners of the building, being residents of the District, were properly sued here. These defendants were private individuals, however, not corporations, but, emphasizing the term "resident", appellant argues that the same ruling should apply to "resident" corporations of the District. The analogy is not apt, for there is nothing in the short opinion published in *Daquila* to indicate that the defendants, as individuals, were amenable to process in Virginia—a condition

---

2. Rehearing denied, 309 U.S. 693, 60 S.Ct. 465, 84 L.Ed. 1034 (1940).

precedent to the invoking of the *forum non conveniens* doctrine. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 506–507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). It was represented to the trial court that Woodward and Lothrop operates 10 stores in Maryland and as it was found to be licensed to do business in that state, it is plainly subject to service of process there.

On this record, it is clear that the court below acted within the bounds of its discretion.

Affirmed.