Doris J. DENT, Appellant,

v.

**MAY DEPARTMENT STORES COMPANY t/a The Hecht Company, Appellee.**

No. 81–1086.

District of Columbia Court of Appeals.

Submitted May 27, 1982.

Decided June 8, 1982.*

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment·on June 8, 1982, but is being published pursuant to the court's order granting appellee's motion to publish.

Alexander L. Benton, Washington, D.C., was on the brief for appellant.

John Jude O'Donnell, Washington, D.C., with whom Randell Hunt Norton, Washington, D.C., was on the brief for appellee.

Before KERN and MACK, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant appeals from an order of the trial court which granted appellee's motion for summary judgment in her action for false arrest and imprisonment. We affirm.

Uncontradicted evidence before the trial court established that on the afternoon of March 8, 1980 appellant, a customer in appellee's department store, The Hecht Company, purchased a skirt. The cashier apparently failed to remove a magnetized sensormatic device designed to apprehend shoplifters and, consequently, appellant activated a buzzer near a store exit as she attempted to leave.

A security guard assigned to monitor the sensormatic detector then approached appellant and asked whether she had made a purchase in the store. She responded that she had bought a skirt and the guard asked to see it. Appellant showed him her shopping bag, which contained bags with purchases from various other stores, whereupon the guard removed a Hecht Company bag and discovered that, while a sensormatic device was still attached to the skirt, appellant had a receipt for her purchase.

At this point the guard asked appellant to follow him and touched her elbow with his hand. When appellant responded that she could walk by herself without his assistance, he dropped his hand and again asked that she follow him. As they proceeded toward a small room near the exit, the guard explained that there was no problem, that incidents of this nature occurred frequently. Appellant overheard other shoppers who observed the incident comment that a shoplifter had been apprehended.

Inside the small room the guard used a machine to remove the magnetic tag from the skirt and wrote a report about the incident in appellant's presence, explaining that he was required to record such incidents. He then returned the skirt to appellant and she departed.

Appellant filed a complaint against appellee in the trial court alleging false arrest and false imprisonment. Following the deposition of appellant, appellee moved for summary judgment. The trial court granted this motion on the ground that the undisputed facts revealed as a matter of law that no false arrest or imprisonment had occurred.[1]

---

1. Although appellant captioned her complaint "False Arrest and False Imprisonment" the trial court also analyzed the undisputed facts to determine whether appellant could recover based on a theory of negligent infliction of emotional distress. The court properly concluded that, since no physical injury was established appellant could not recover for any humiliation, shock, embarrassment, and mental anguish she may have suffered as a result of the cashier's negligent failure to remove the sensormatic device from the skirt. *See Waldon*

"The gist of any complaint for false arrest or false imprisonment[2] is an unlawful detention...." *Clarke v. District of Columbia,* 311 A.2d 508, 511 (D.C.1973). "[T]he unlawful detention of a person without a warrant or for any length of time whereby he is deprived of his personal liberty or freedom of locomotion ... by actual force, or by fear of force, or even by words" constitutes false imprisonment. *Tocker v. Great Atlantic & Pacific Tea Co.,* 190 A.2d 822, 824 (D.C.1963); *accord, Marshall v. District of Columbia,* 391 A.2d 1374, 1380 (D.C. 1978). In determining whether particular conduct constitutes false arrest or imprisonment it is not the subjective state of mind of the plaintiff but, rather, the "actions or words of the defendant [which] must at least furnish a basis for a *reasonable* apprehension of present confinement." *Id.* at 1380 (citations omitted; emphasis supplied).

Once a prima facie case of false arrest or false imprisonment has been established, however, "a showing of probable cause constitutes a valid defense [to such] an action ... [and] probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that [an] offense has been committed." *Shaw v. May Department Stores Co.,* 268 A.2d 607, 609 (D.C.1970); *accord, Prieto v. May Department Stores Co.,* 216 A.2d 577 (D.C.1966).

In reviewing appellant's claims we are mindful that summary judgment is proper where the pleadings and supporting documents reveal that "there is no genuine issue of a material fact concerning a dispositive issue and where the moving party is entitled to judgment as a matter of law." *Yates v. District Credit Clothing, Inc.,* 241 A.2d 596, 598 (D.C.1968) (citations omitted). While probable cause is a mixed question of law and fact in false imprisonment cases in this jurisdiction, *Lansburgh's, Inc. v. Ruf-*

*fin,* 372 A.2d 561, 564 (D.C.1977), "[w]here the facts are not in dispute the question of probable cause is one of law to be decided by the court." *Prieto v. May Department Stores Co., supra,* 216 A.2d at 578 (footnote omitted). In determining whether a detention is based upon probable cause we view the evidence of probable cause from the perspective of the arresting officer. *Shaw v. May Department Stores Co., supra.*

In the instant case the trial court correctly ruled that appellee was entitled to judgment as a matter of law based on the undisputed facts as established by the pleadings and supporting materials. Assuming for purposes of this appeal that the words spoken and actions taken by the guard when the sensormatic alarm sounded created a reasonable apprehension of present confinement the guard nevertheless had probable cause to detain and question appellant. The undisputed facts reveal that the alarm sounded as appellant attempted to exit the store, an event sufficient to support an inference that she was attempting to remove merchandise from the store illegally—particularly in light of the sophistication and selectivity of the sensormatic equipment. *See Lucas v. United States,* 411 A.2d 360, 364 & n. 6 (D.C.1980).

Our conclusion that the security guard had probable cause to detain appellant does not end our inquiry, however, since a detention which is unreasonable in length or manner could constitute a false imprisonment despite the legality of the initial confinement. *Cf. Shaw v. May Department Stores Co., supra,* 268 A.2d at 610. However, we hold that the trial court correctly concluded that no false imprisonment occurred in the instant case as a matter of law. Following his inspection of appellant's parcels the guard neither detained her for an unreasonable length of time nor acted

v. *Covington,* 415 A.2d 1070, 1076 (D.C.1980); *Sears, Roebuck & Co. v. Devers,* 405 So.2d 898 (Miss.1981).

**2.** As a practical matter—at least for our purposes here—there appears to be no real differ-

ence between false arrest and false imprisonment. *Shaw v. May Department Stores Co.,* 268 A.2d 607, 609 n. 2 (D.C.1970). Accordingly, we review appellant's claims without distinguishing these theories of recovery.

unreasonably. To the contrary, he merely asked appellant to accompany him so that he could remove the magnetic tag from her purchase, completed a written report of the incident, and returned the skirt to her. *See id.* (detention of suspected shoplifter for questioning for approximately one hour does not rise to gravity of false imprisonment where initial detention was based on probable cause).

*Affirmed.*