DISTRICT OF COLUMBIA, et al., Appellants,

v.

Fred GANDY, Jr., Appellee.

No. 79–947.

District of Columbia Court of Appeals.

Sept. 9, 1983.

---

Before NEWMAN, Chief Judge, and KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON, and TERRY, Associate Judges.

## ORDER

PER CURIAM.

ORDERED that appellants' petition for rehearing en banc is denied.

Statement of reasons for voting to deny rehearing en banc.

NEBEKER, Associate Judge, with whom Associate Judges KERN, PRYOR, BELSON and TERRY, join:

The disposition of this case has been somewhat tortuous. It is a false arrest case presenting familiar issues of arrest justification and excessive verdict. After the court's original opinion on September 22, 1982, *District of Columbia v. Gandy,* 450 A.2d 896 (D.C.1982), the appellants—the District of Columbia government and the arresting officers—sought en banc rehearing focusing on three issues: the two already mentioned and a holding that evidence of nonprosecution was admissible. With the en banc vote pending, the division revised its decision on April 12, 1983, *District of Columbia v. Gandy,* 458 A.2d 414 (D.C.1983), and held it error, but harmless in this case, to have admitted such evidence. The appellants again sought rehearing en banc contending as before that the verdict was excessive and that it was error to permit jury decision on arrest justification. It is this latter question which at first blush seems to call for en banc resolution to assure decisional uniformity under our rule 40(b). However, a more detailed analysis of the record than reflected in the division opinion demonstrates that on its very peculiar factual setting the issue of arrest justification was for the jury.

The division, without citation of any authority, says "the trial court properly submitted the issue to the jury" 450 A.2d at 901. These are the undisputed facts of

record relied on by the division. A radio description of—

(1) "a Negro male in a brown suit or tan suit ... running through the alley in the rear of the 1700 block of I street, N.W." (Officer Gaydovchik);

(2) "a Negro male wearing a tan suit, carrying a bag, last seen [going] south on Connecticut Avenue ... going into the alley" (Officer Giovannini);

(3) "a Negro male in his twenties, approximately five-eight to five-nine, wearing a brown jacket and brown pants. Last seen out of the bank ... running in the alleyway somewhere in the area of the 1700 block of I Street, N.W." (Officer McCann);[1]

(4) Gandy went "into the Dart drug store [and exited] with his jacket rolled up under his right arm." He was (admittedly) wearing tan trousers and a three-quarter length tan leather coat (Officer Gaydovchik);

(5) Gandy is five feet ten inches tall and 38 years old. He was not carrying a bag when approached and apprehended on the street. He did not appear to have been running.

The division then adds to its analysis facts either not known to the officers or facts developed after the arrest. This it may not do. *See Gabrou v. May Department Stores Co.,* 462 A.2d 1102 (D.C.1983); *Dent v. May Department Stores Co.,* 459 A.2d 1042 (D.C.1982); *Safeway Stores, Inc. v. Kelly,* 448 A.2d 856 (D.C.1982); *Prieto v. May Department Stores Co.,* 216 A.2d 577, 578 (D.C.1966). The division thus concludes:

> In sum, appellants Gaydovchik and Giovannini found an unarmed black male wearing tan slacks and a tan coat, carrying approximately $740 who did not look exhausted, as if he had been running, and who was loudly protesting his abduction. Under these facts, whether appellee sufficiently matched the broadcast descrip-

1. McCann did not assist in the arrest by Giovannini and Gaydovchik.

tion of the suspect to give appellants Gaydovchik and Giovannini a reasonable articulable suspicion of appellee's involvement in the bank robbery to justify his detention and transportation to the bank for identification is not so clear that reasonable men could reach but one conclusion. Accordingly, we hold that the trial court properly submitted the issue to the jury. 450 A.2d at 901.

These undisputed facts, tested against the proper standard "of a good faith, reasonable belief," would compel the conclusion of law that the arrest was justified. Thus, insofar as the division opinion relies on its limited recitation of facts and concludes as it does, without legal support, that the issue of arrest justification was for the jury, it is contrary to binding precedent. *See District of Columbia v. M.M.,* 407 A.2d 698 (D.C.1979). However, other facts of record justify the division holding and make en banc rehearing unnecessary. Gandy testified that he had not behaved suspiciously, as testified to by Officer Gaydovchik. Given that material factual dispute and the fact that Gandy was substantially older than the described suspect, the questions of his appearance and behavior as they bore on arrest justification were not erroneously given to the jury. The question whether the instructions properly defined the jury's role in deciding the arrest justification question is not before this court since it was not pressed at trial or on appeal. Accordingly, I conclude that this case is not one warranting en banc rehearing.

