**Tameru ABEBE, Appellant,**

v.

**Osmin C. BENITEZ, Et Al., Appellees.**

**No. 94–CV–1047.**

District of Columbia Court of Appeals.

Submitted Sept. 19, 1995.
Decided Nov. 27, 1995.

Mark Gore, Washington, DC, was on the brief for appellant.

Juli Martin Tweedy, Washington, DC, was on the brief for appellees.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and PRYOR, Senior Judge.

**PER CURIAM:**

In this negligence action arising from a car accident, appellant Tameru Abebe seeks reversal of the grant of a directed verdict in favor of appellees Osmin Benitez and Kelly Skyrm. Abebe contends that a directed verdict was improper because there was sufficient evidence upon which a reasonable jury could have reached a reliable verdict in his favor. For the reasons set forth below, we find appellant's arguments persuasive, and reverse the trial court's grant of a directed verdict.

## I.

Appellant Abebe and appellee Benitez were involved in a car accident on August 19, 1991. Appellee Skyrm owned the car Benitez was driving. Officer Norell Harvey of the Metropolitan Police Department investigated the accident. He testified that Vernon Street, where the accident occurred, is one-way westbound, and at the time of the accident, cars were parked on both sides of the street. He found appellant's car, a four-door Oldsmobile Delta 98, in the street almost parallel to the parked cars. Appellees' car, a two-door Toyota, was at an angle, partially in the parking space. Damage to appellant's car was located on the right side, from the center of the car to the right rear wheel well. Appellees' car was damaged on the left front quarter panel and wheel well. Officer Harvey stated that the street was wide enough for one car to pass another car that was double-parked.

At trial, the parties presented widely diverse testimony regarding the circumstances of the accident. Appellant testified that as he was parked on Vernon Street, appellee Benitez pulled up beside him, apparently looking for a parking space. They exchanged glances, and Benitez moved one car length ahead to allow appellant to pull out of the parking space. Appellant pulled out of the parking space and was pulling around Benitez when Benitez struck appellant's car. Appellant testified the collision occurred because appellee did not allow appellant sufficient time to clear appellee's double-parked car before appellee began backing into the parking space.

Rama Ambaye testified in support of appellant's version of the accident. He stated that he drove past the parties as appellant was parked, and appellee double-parked one car ahead. Ambaye parked a few cars ahead of them, and was crossing the street when he observed the accident. He stated that Abebe was pulling out around and past appellee when appellee prematurely started to back into the parking spot and hit appellant. Ambaye stated that appellant's car was completely out of the parking spot at the time of impact.

Appellee Benitez, who lives on the same block where the accident occurred, testified that he drove down Vernon Street and stopped one car-length ahead of an empty parking spot. He put on a right turn signal, looked in three mirrors, saw no cars coming, and started backing into the parking spot within approximately five seconds. As he was halfway in the parking space, he was hit by appellant, who was driving down the street. Benitez stated that two cars could fit side-by-side on the street if both were small.

Appellee's version was supported by Virginia Johnson, a resident of the same building as Benitez. She testified that she leaned out her window and saw the car driven by appellant speed down the street and strike appellees' car as Benitez was parking.

At the close of the evidence, appellees moved for a directed verdict. The trial court stated that the damage to the cars could not have occurred when Benitez was backing up as alleged by appellant, that appellant's version of the events placed the two cars in the same parking spot simultaneously. The court also concluded that Officer Harvey's testimony regarding the position of the cars was consistent with the theory that appellant was driving down the block, and struck appellee while he was parking. Finding appellant's explanation "impossible," and the likelihood that a reasonable juror could find for appellant "absolutely nil," the court granted appellees a directed verdict.

A directed verdict can be granted pursuant to Super.Ct.Civ.R. 50(a)(1), which reads in pertinent part:

If during a trial by jury a party has been fully heard with respect to an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the Court may grant a motion for judgment as a matter of law against that party on any claim ...

In ruling on a motion for a directed verdict, the judge is not the trier of fact. As long as there is some evidence from which jurors could find that the party has met its burden, a trial judge must not grant a directed verdict. *Marshall v. District of Columbia*, 391 A.2d 1374, 1379 (D.C.1978); *see also Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1097 (D.C.1994) (verdict may be directed only if it is clear plaintiff has not established prima facie case) (citations omitted). "In so viewing the evidence, the court must take care to avoid weighing the evidence, passing on the credibility of witnesses, or substituting its judgment for that of the jury." *Pazmino v. WMATA*, 638 A.2d 677, 678 (D.C.1994) (quoting *Vuitch v. Furr*, 482 A.2d 811, 814 (D.C.1984) (internal quotations omitted)). In reviewing a directed verdict, we must view the evidence in the light most favorable to the nonmoving party, who must be given the benefit of all reasonable inferences to be drawn from the evidence. *District of Columbia v. Evans*, 644 A.2d 1008, 1019 (D.C.1994); *Washington Metro. Area Transit Auth. v. Jones*, 443 A.2d 45, 49 (D.C. 1982) (en banc); *Corley v. BP Oil Corp.*, 402 A.2d 1258, 1263 (D.C.1979). Applying these basic principles, we are convinced that there was sufficient evidence presented at trial which, if accepted as true, would permit the jury to find in appellant's favor.

The parties presented the court with two different versions of one accident. If appellant is to be believed, he had almost successfully pulled out of the parking space and around appellee Benitez when appellee negligently backed into appellant. Mr. Ambaye's testimony supported this version. Appellee stated that he was entering an empty parking space when appellant sped down the block and struck him. He further stated that the street was not wide enough for his small car and appellant's large car to both occupy the through lanes. Ms. Johnson supported appellee's description of the accident. Cross-examination did not alter the testimony of any witness. The location of damage on the cars was not disputed.

Questions of negligence are questions for the jury, except in the exceptional cases where only one reasonable inference can be drawn from the evidence. *Crooks v. Williams*, 508 A.2d 912, 914 (D.C.1986); *District of Columbia v. Frick*, 291 A.2d 83, 84 (D.C.1972). Here, the damage described could be consistent with either appellant's or appellees' description of the accident. On the basis of the testimony presented by appellant, a jury could reliably find that the accident occurred because appellee prematurely started to back into the parking space before appellant cleared appellees' double-parked automobile. On the other hand, a jury could reasonably believe that appellee was backing into an empty parking space, and was negligently struck by appellant.

Irrespective of which conclusion a jury might reach, the fact that more than one conclusion, material to the outcome of the case, might reasonably be drawn from the evidence demonstrates that a directed verdict should not have been granted. *Bauman v. Sragow*, 308 A.2d 243, 244 (D.C.1973). If conflicting inferences can be derived from the evidence, a trial court should allow the case to go to the jury. *Shannon & Luchs v. Tindal*, 415 A.2d 805, 807 (D.C.1980). Here, it is not possible for us to conclude that the physical evidence indicates that a reasonable jury could not have believed appellant and resolved the factual issues in his favor. Accordingly, the case should have been submitted to the jury for a verdict.[1] We, therefore, reverse and remand the case for a new trial.

*So ordered.*

---

1. This case is illustrative of the kind of case where the trial judge may choose, if appropriate,

to make its ruling after the jury's verdict. In that event the appellate court can either uphold the judgment notwithstanding the verdict or reinstate the verdict.