Jon LANDE, Appellant,

v.

MENAGE LIMITED PARTNERSHIP, Appellee.

No. 95–CV–1531.

District of Columbia Court of Appeals.

Argued Dec. 17, 1996.
Decided Dec. 4, 1997.

---

**1260**

Barry H. Helfand, Rockville, MD, for appellant.

Dean P. Gunby, Baltimore, MD, for appellee.

Before WAGNER, Chief Judge, and TERRY and FARRELL, Associate Judges.

WAGNER, Chief Judge:

Appellant, Jon Lande, appeals from a judgment entered by the trial court at the completion of Lande's presentation of his case at trial in favor of Menage Limited Partnership t/a ZEI Club (Club). Lande's original complaint was against the Club, two Metropolitan Police Department (MPD) officers, L.K. Holland and Patrick Goodwin, who worked part time for the Club, and the District of Columbia Government. By the time of trial, the Club remained as the only party defendant. Lande alleged in his complaint

that he sustained personal injuries and damages as the result of the tortious conduct of the two officers who were acting in the course of their employment with the Club. In directing a verdict against Lande, the trial court concluded that the evidence showed that the actions of the police officers about which Lande complained were taken by virtue of their authority as officers of the MPD; therefore, the private employer, the Club, could not be held liable. Lande argues for reversal on the ground that there was evidence from which a jury could find that the officers were working for the Club, and therefore, the trial court erred in directing the entry for judgment in its favor. We affirm.

## I.

The evidence showed that on August 16, 1992, Lande went to the Club for a celebration with friends. One friend, Tim Robertson, who was carrying an open beer bottle, left the Club before Lande did. Officer Goodwin told Robertson to get rid of the beer. Robertson went to throw it away, but found no convenient spot. Subsequently, Robertson started to put the bottle down, but the bottle broke, and a scuffle ensued involving Robertson and Goodwin, who was working for the Club while off-duty. Other men working at the Club became involved in the scuffle.[1] Goodwin testified that he went after Robertson initially to get him to dispose of the beer bottle, not to arrest him. He also testified that he informed Robertson that he was a police officer and showed his badge, and Robertson replied, "yeah, right." Goodwin then grabbed Robertson and told him to throw the beer in the trash.

Upon leaving the Club, Lande heard a member of their party yell, "Jon, help Tim." Lande saw four or five people beating Robertson, who was on the ground. No one involved had on clothing which would identify them as police officers. Lande grabbed the nearest three people and pulled them away. Officer Holland, who was described as wearing a purple shirt and jeans, stuck a gun in Lande's face, which he pushed away. Hol-

---

1. Lande makes no argument that the actions of those other than Holland and Goodwin form the basis for his claims against the Club; therefore, we do not address it.

land then struck Lande on top of his head with the gun and about the face, and Lande fell. Lande said he did not know that anyone involved was a police officer until he was handcuffed.

Officer Holland was planning to work that night at the Club, but he had not obtained the necessary approval from the police department for off-duty work. Nevertheless, Holland decided to remain at the Club as a patron. Goodwin admitted that he was working at the Club that night. His responsibilities were to maintain order in the alley, move disorderly panhandlers, keep traffic flowing, and keep patrons to one side. The Club paid him in cash without deductions. The head of security for the Club told a police investigator after the incident that both Holland and Goodwin were employed to assist the Club's security force; however, he later told the investigator that he was not sure that they were employed at the Club.[2]

## II.

■ A motion for directed verdict can be granted only if, viewing the evidence in the light most favorable to the non-moving party and giving that party the benefit of all reasonable inferences, no reasonable juror could find in his favor under the applicable law. *Abebe v. Benitez*, 667 A.2d 834, 836 (D.C. 1995); *Marshall v. District of Columbia*, 391 A.2d 1374, 1379 (D.C.1978). Applying that standard, the trial court properly directed the entry of judgment for the Club.

■ In this jurisdiction, a private entity which employs a police officer during his off-duty hours is not liable for actions of the officer in carrying out his public duty as a police officer. *Bauldock v. Davco Food, Inc.*, 622 A.2d 28, 34 (D.C.1993). In *Bauldock*, an off-duty police officer working part time as a security guard at a fast food restaurant arrested a patron. The patron sued the officer and the restaurant. The evidence showed that the officer had probable cause to arrest Bauldock. The restaurant had not requested the officer to arrest Bauldock. This court held that since the officer acted pursuant to his authority as a Metropolitan police officer,

the private employer could not be held liable for actions which the officer was required to take by statute and regulation as a police officer even while off-duty. *Id.* at 34.

In *Bauldock*, this court relied upon *Wells v. Washington Market Co.*, 19 D.C. (8 Mackey) 385 (1890), a very old case in this jurisdiction. In *Wells*, the defendant market hired a police officer to keep order in the market and collect rents there. The officer arrested Wells inside the market after he was mistakenly identified as the person who had snatched a lady's purse outside the market. Wells sued the market. The police officer had no authority as agent for the market to make arrests; that authority derived from his duties as a police officer. *Id.* at 398. Thus, in spite of his dual employment status, the court in *Wells* held that the private company could not be held liable for actions taken by the officer which the company did not confer upon the officer as agent. *Id.* at 393, 398.

■ Lande argues that this case is distinguishable from *Bauldock* because the officers here were not in uniform. That factor does not control the outcome of the case. While that factor may bear upon the reasonableness of Lande's conduct, it does not affect whether the officers were acting as police officers when one attempted to take action against Robertson for violating a law against having open alcoholic beverages in public or when the other arrested Lande. Probable cause for the police to take action "is viewed from the perspective of the arresting officer and not the plaintiff." *Bauldock, supra*, 622 A.2d at 32 (citing *Dent v. May Dep't Stores Co.*, 459 A.2d 1042, 1044 (D.C.1982); *Prieto v. May Dep't Stores Co.*, 216 A.2d 577, 579 (D.C.1966)). "Members of the police force are 'held to be always on duty', and are required to take police action when crimes are committed in their presence." *District of Columbia v. Coleman*, 667 A.2d 811, 818 n. 11 (D.C.1995) (quoting 6A DCMR § 200.4 (1988); D.C.Code § 4–142 (1988); *Bauldock*, 622 A.2d at 34). The failure of an officer to exercise arrest powers when a crime is committed in the offi-

2. The head of the Club's security force was not called as a witness at trial.

cer's presence may subject him to criminal penalties. *See* D.C.Code § 4–142. Their on-duty status is not governed by whether they are in or out of uniform.

 There is no dispute that Officer Goodwin had a basis to take action against Robertson for having an open container of an alcoholic beverage in a public street or alley. It is also undisputed that Officer Holland came upon the scene when Robertson was struggling with Lande and went to Goodwin's aid. The officers testified that they took these actions as law enforcement officers. The Club had no authority to confer upon them these police powers, and there is no evidence that the Club authorized the officers to arrest anyone or that it controlled Goodwin and Holland in the exercise of their police functions. The evidence is that the police exercised their own judgment about what to do as police officers. Under those circumstances, a private employer is not liable for the actions of the officers in performing their public function even while off-duty.[3] *Bauldock, supra,* 622 A.2d at 34.

For the foregoing reasons, the judgment appealed from hereby is

*Affirmed.*

---

**3.** If a police officer exceeds his authority in making an arrest, the party injured thereby is not without a remedy. *See Woodward v. District of Columbia,* 387 A.2d 726 (D.C.1978).