ALLSTATE INSURANCE COMPANY,
Appellant,

v.

Althea CURTIS, Appellee.

No. 99–CV–908.

District of Columbia Court of Appeals.

Argued June 27, 2000.
Decided Sept. 20, 2001.

Sheila F. Fleshman, Upper Marlboro, MD, for appellant.

Donna Williams Rucker, for appellee.

Before TERRY, GLICKMAN and WASHINGTON, Associate Judges.

GLICKMAN, Associate Judge:

In her lawsuit against Allstate Insurance Company to recover under the uninsured motorist provisions of a motor vehicle insurance policy, Althea Curtis bore the burden of proving that the tortfeasor who injured her was uninsured. To shoulder that burden, Curtis produced letters in which four insurance companies, apparently selected at random, purportedly disclaimed coverage of the tortfeasor. The letters were not authenticated or shown to be admissible under any exception to the rule against hearsay. Over Allstate's objections, however, the trial judge ruled that the letters were business records. The judge then told the jury about the letters and instructed the jury that it could consider the letters as evidence since he took "judicial notice" of them. The letters themselves were not introduced in evidence. The jury returned a verdict in favor of Curtis. We hold that Allstate is entitled to a new trial, because the letters were inadmissible hearsay and the trial judge erred in instructing the jury about them.

## I.

Althea Curtis was injured when a moped collided with an automobile in which she was a passenger. Alleging that the moped driver was at fault but was uninsured, Curtis sued Allstate under the uninsured motorist provisions of a policy that Allstate had issued to the driver of the automobile.

Curtis was unable to locate or produce the moped driver for trial. To prove that the absent moped driver was uninsured, Curtis proffered letters that her counsel had obtained from four insurance companies. Curtis's counsel explained to the trial judge that he had received these letters after his office wrote to "various insurance companies that we assumed he may have insurance with in the area." Counsel offered the letters as evidence that the four companies in question had no record of any insurance policy in the moped driver's name. Addressing the trial judge, Curtis's counsel summarized the contents of the letters as follows:

[COUNSEL]: This is ... a letter from MAIF indicating that MAIF has no record of issuing a policy in this case.

This is one from Erie Insurance which indicates that they're unable to identify whether or not this person has a policy with them. There's no information that they have.

This one ... is from GEICO that it could not find a policyholder for GEICO with any of the three addresses that we provided; and this one is from Nationwide ... saying that they're unable to assist us concerning any policy that may exist with this particular individual.

Over the objections of Allstate, the trial judge ruled on the basis of counsel's representations that the letters were admissible in evidence under the business records exception to the rule against hearsay. Curtis did not, however, proceed to offer the letters in evidence. Nor did she call a witness to testify about the letters. Instead, for reasons that are not clear, the trial judge decided to take "judicial notice" of the letters. Over Allstate's objections, the judge informed the jury of the letters at the close of the plaintiff's case and instructed the jury to consider them as evidence:

THE COURT: I'll also inform the jury that with respect to the issue about the uninsured motorist, ... counsel for the plaintiff wrote Nationwide Insurance Company, GEICO, Erie Insurance Group and the Maryland Automobile Insurance Fund, asking them to search their records to see if they had any insurance coverage for [the moped driver] the response was that none of the companies had any record of any insurance coverage for him.

* * *

So you can take that as evidence in the case with respect to the uninsured motorist issue.

At the conclusion of the trial, the judge instructed the jury that "[w]hen I related to you the efforts that had been made by counsel to track down whether or not [the moped driver] had an insurance policy, that is evidence that you can consider. I took judicial notice of it."

In addition to opposing Curtis's evidence as inadmissible hearsay, Allstate moved for judgment as a matter of law at the close of the plaintiff's case and again at the conclusion of the trial before the jury retired to deliberate. *See* Super. Ct. Civ. R. 50(a). Allstate argued that even taking the insurance company letters into consideration, Curtis had failed to prove that the moped driver was uninsured. The trial judge denied Allstate's motion.

The jury returned a plaintiff's verdict, awarding Curtis $25,000, which was the limit of the uninsured motorist coverage available under Allstate's policy. Allstate

appealed without renewing its motion for judgment as a matter of law. *See* Super. Ct. Civ. R. 50(b).

## II.

On appeal, Allstate contends that it is entitled to a new trial because the trial judge erred in instructing the jury to consider inadmissible hearsay, and because the evidence was legally insufficient to prove that the driver of the moped was uninsured. We agree that Allstate is entitled to a new trial because of the judicial introduction of hearsay. We therefore do not reach the issue of the sufficiency of the evidence.[1]

The trial judge erred in taking what he termed "judicial notice" of the insurance company letters and then instructing the jury on them. To begin with, the letters were hearsay, and Curtis failed to lay a foundation to justify their admission under the business records exception. Curtis did not "demonstrate, through a competent witness," (1) that the letters were made in the regular course of insurance company business, (2) that it was the regular course of company business to make such letters, (3) that the letters were made at, or within a reasonable time after, the acts which they reported (the examination of company policyholder records), and (4) that the authors of the letters either had personal knowledge of the facts they recited, or else acquired those facts from someone who was acting in the regular course of the business and who had such personal knowledge. *See Meaders v. United States*, 519 A.2d 1248, 1255 (D.C. 1986) (citing, *inter alia, In re D.M.C.*, 503 A.2d 1280, 1282–83 (D.C.1986)). *See also*

Super. Ct. Civ. R. 43–I(a). Counsel's unsupported assertions that the letters were business records did not supply the necessary foundation. The trial judge ruled incorrectly that the letters were admissible under the business records exception to the hearsay rule.

That error was compounded when the trial judge told the jury about the letters, said that he took "judicial notice" of them, and instructed the jury that they could consider the letters, as he described them, as evidence. By taking over the presentation of the letters to the jury in that manner, the trial judge relieved Curtis of her obligation to offer the letters in evidence through the testimony of a competent witness, deprived Allstate of its right to cross examine that witness and challenge the weight which the letters deserved to be given, and disabled the jury from evaluating the letters. In this connection, we observe that if Curtis's counsel described the letters accurately, the trial judge's categorical statement to the jury that "none of the companies had any record of any insurance coverage for" the driver of the moped is at the very least open to question.

Given that the insurance company letters constituted the only evidence that Curtis offered to prove that the moped driver was uninsured, the errors that we have identified require that we reverse the judgment in favor of Curtis and remand for a new trial.

*So ordered.*

1. Since Allstate did not renew its Rule 50 motion following the jury's verdict, it correctly has not asked us to order the entry of judgment in its favor based on evidentiary insufficiency. *See Vuitch v. Furr*, 482 A.2d 811, 813 n. 2 (D.C.1984); *accord, Washington*

*Metro. Area Transit Auth. v. Bell*, 632 A.2d 414, 419 n. 5 (D.C.1993). *See also Harbor Ins. Co. v. Schnabel Found. Co.*, 292 U.S.App. D.C. 56, 62, 946 F.2d 930, 936 (1991); 9 MOORE'S FEDERAL PRACTICE §§ 50.41, 50.91 (3d ed.1997).